IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ROBERT MURPHY**,<br>4988 Keppler Road<br>Temple Hills, MD 20748<br><br>   Plaintiff,<br><br>  v.<br><br>**DISTRICT OF COLUMBIA**,<br>a Municipal Corporation,<br>441 Fourth Street, N.W.<br>Washington, D.C. 20001<br><br>   Defendant.<br><br>Serve: Honorable Muriel Bowser,<br>Mayor of the District of Columbia,<br>c/o Designated Representative,<br>Executive Office of the Mayor,<br>1350 Pennsylvania Avenue, N.W.,<br>Suite 316,<br>Washington, D.C. 20004<br><br>Serve: Honorable Karl A. Racine, Esq.<br>Attorney General of the District<br>Of Columbia,<br>c/o Designated Representative,<br>Office of the Attorney General<br>441 Fourth Street, N.W.<br>Washington, D.C. 20001 | Civil Action No.<br><br>**COMPLAINT AND JURY DEMAND** |

**COMPLAINT FOR DAMAGES**

1. Robert Murphy ("Mr. Murphy" or "Plaintiff"), by and through his undersigned counsel, states and alleges as follows:

**JURISDICTION AND VENUE**

2. This is an action authorized and instituted pursuant to the Americans with Disabilities Act of 1990 ("ADA"), Title VII of the Civil Rights Act of 1964, the Family

1

Medical Leave Act of 1993 ("FMLA"), D.C. Family Medical Leave Act, and the D.C. Human Rights Act of 1977, for the D.C. Department of Corrections' ("Agency" or "Defendant") unlawful termination on the basis of illegal discrimination and retaliation against Plaintiff.

3. This Court has subject matter jurisdiction over this suit pursuant to 28 U.S.C. §§ 1331 and 1332(a)(1), to redress and enjoin employment practices of the Defendant. Venue is proper in the District of Columbia District Court under 28 U.S.C. §§ 1391(b) and (e) because a substantial part of the wrongful conduct complained of herein occurred in this District, Defendant transacts substantial business in this District, and Defendant maintains employment records related to this action in the District of Columbia.

## PARTIES

4. Plaintiff, Mr. Robert Murphy, was an "employee" at the Agency, within the meaning of 29 U.S.C. § 203(e), from early 1990 until July 10, 2015, and currently resides in Temple Hills, Maryland.

5. The Agency, District of Columbia Department of Corrections, is an executive branch agency of the District of Columbia government charged with securing and confining the District's pretrial detainees and sentenced inmates. The Agency is headquartered at 2000 14th Street, NW, Seventh Floor, Washington, DC 20009.

6. At all times relevant to this action, Defendant was and is an "employer" within the meaning of 29 U.S.C. § 203(d).

**STATEMENT OF FACTS**

7.      Plaintiff was hired by the Agency as a correctional officer on or around March 26, 1990 and was subsequently promoted to the position of Lieutenant.

8.      Plaintiff has stage 5 kidney failure and suffers from hypertension and diabetes.

9.      Plaintiff made the Agency aware of his diagnosed disabilities in or around January of 2015.

10.     On April 2, 2015, Plaintiff and his doctor submitted the appropriate FMLA application to the Agency.

11.     The Agency refused to respond with an approval or denial to either Plaintiff or his doctor's FMLA request.

12.     Plaintiff inquired on several occasions as to the status of his FMLA request and whether the Agency needed additional information to complete the request. Plaintiff's wife also made additional inquiries on his behalf.

13.     The Agency failed to respond to Plaintiff, his wife, or his doctor with regard to Plaintiff's FMLA request.

14.     Plaintiff suffered a heart attack on June 18, 2015, and informed the Agency that he had been hospitalized. Plaintiff was released into the care of his primary care physician on June 19, 2015.

15.     On June 22, 2015, Plaintiff faxed a letter to the Agency informing Defendant of Plaintiff's condition and again requested FMLA leave.

16.     The Agency continued to ignore Plaintiff's requests for FMLA leave.

17.     Also on June 22, 2015, Plaintiff's wife testified in a deposition as a key witness against the Agency in a well-known sexual harassment lawsuit.

18. The sexual harassment lawsuit was filed against the Agency, but was focused on the improper conduct of Plaintiff's supervisor, Major Joseph Pettiford ("Major Pettiford").

19. Upon information and belief, Major Pettiford intended to retaliate against Plaintiff and proposed Plaintiff's termination after Plaintiff requested FMLA leave and/or Major Pettiford discovered Plaintiff's wife intended to testify against Major Pettiford in the sexual harassment lawsuit.

20. On June 24, 2015, Plaintiff received an advanced noticed of termination from the Agency.

21. Plaintiff properly exhausted his administrative remedies prior to filing the immediate lawsuit.

22. Plaintiff received his "Right to Sue" letter from the EEOC on March 27, 2018.

**COUNT I**
**(Violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.*)**

23. Plaintiff re-alleges and incorporates by reference each and every allegation in paragraphs 1 to 22 above, as if fully set forth herein.

24. The ADA addresses the needs of people with disabilities, prohibiting discrimination in employment, public services, public accommodations, and telecommunications.

25. Defendant discriminated against Plaintiff in violation of the ADA by failing to accommodate Plaintiff's disability by consistently refusing Plaintiff's attempts to request necessary medical leave, *and* retaliating against Plaintiff for requesting said medical leave. Defendant had no legitimate business reason to terminate Plaintiff, and any reasons offered are pretextual and false in nature.

26. The Agency was well aware of Plaintiff's disability and knowingly and willfully violated the ADA when it engaged in the above discriminatory acts.

27. As a result of Defendant's conduct, Plaintiff has suffered and continues to suffer harm, including but not limited to: lost earnings, lost benefits, other financial losses, in addition to emotional and physical harm.

28. By reason of Defendant's discrimination, Plaintiff is entitled to all legal and equitable remedies available for violations of the ADA, including liquidated damages for all willful violations, prejudgment interest, attorneys' fees, expenses, costs, and costs of the action.

## COUNT II
### (Violations of the Family Medical Leave Act of 1993, 29 U.S.C. § 2601, *et seq.*)

29. Plaintiff re-alleges and incorporates by reference each and every allegation in paragraphs 1 to 28 above, as if fully set forth herein.

30. Defendant discriminated against Plaintiff in violation of the FMLA by failing to accommodate Plaintiff's disability by consistently refusing Plaintiff's attempts to request necessary FMLA leave, *and* retaliating against Plaintiff for requesting said FMLA leave. Defendant had no legitimate business reason to terminate Plaintiff, and any reasons offered are pretextual and false in nature.

31. Defendant's illegal actions described above, directly and proximately caused, and continue to cause, Plaintiff to suffer loss of income and other financial benefits, a loss of future professional opportunities and future income, pain and suffering, humiliation, indignity, personal embarrassment and damage to her professional reputation.

32. Defendant engaged in its discriminatory actions described above with malice or with reckless indifference to the Plaintiff's legal rights.

## COUNT III
### (Violations of the D.C. Family Medical Leave Act, D.C. Code § 32–501, *et seq.*)

33. Plaintiff re-alleges and incorporates by reference each and every allegation in paragraphs 1 to 32 above, as if fully set forth herein.

34. Defendant discriminated against Plaintiff in violation of the D.C. FMLA by failing to accommodate Plaintiff's disability by consistently refusing Plaintiff's attempts to request necessary FMLA leave, *and* retaliating against Plaintiff for requesting said FMLA leave. Defendant had no legitimate business reason to terminate Plaintiff, and any reasons offered are pretextual and false in nature.

35. Defendant's illegal actions described above, directly and proximately caused, and continue to cause, Plaintiff to suffer loss of income and other financial benefits, a loss of future professional opportunities and future income, pain and suffering, humiliation, indignity, personal embarrassment and damage to her professional reputation.

36. Defendant engaged in its discriminatory actions described above with malice or with reckless indifference to the Plaintiff's legal rights.

*Additional and/or Alternative Retaliation Claims:*

## COUNT IV
### (Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*)

37. Plaintiff re-alleges and incorporates by reference each and every allegation in paragraphs 1 to 36 above, as if fully set forth herein.

38. Defendant fired Plaintiff as a direct result of Plaintiff's wife testifying against Plaintiff's supervisor, Major Pettiford, in a sexual harassment lawsuit against the Agency.

39. Defendant's conduct as alleged above constitutes retaliation against the Plaintiff because his wife engaged in activities protected by the Title VII and the D.C. Human

Rights Act. Defendant had no legitimate business reason to terminate Plaintiff, and any reasons offered are pretextual and false in nature.

40. Defendant's illegal actions described above, directly and proximately caused, and continue to cause Plaintiff to suffer loss of income and other financial benefits, a loss of future professional opportunities and future income, pain and suffering, humiliation, indignity, personal embarrassment and damage to her professional reputation.

41. Defendant engaged in its discriminatory actions described above with malice or with reckless indifference to the Plaintiff's legal rights.

## COUNT V
### (Violation of the D.C. Human Rights Act of 1977, D.C. Code § 2–1401.01, *et seq.*)

42. Plaintiff re-alleges and incorporates by reference each and every allegation in paragraphs 1 to 41 above, as if fully set forth herein.

43. Defendant fired Plaintiff as a direct result of Plaintiff's wife testifying against Plaintiff's supervisor, Major Pettiford, in a sexual harassment lawsuit against the Agency.

44. Defendant's conduct, as alleged above, constitutes retaliation against the Plaintiff because his wife engaged in activities protected by the Title VII and the D.C. Human Rights Act. Defendant had no legitimate business reason to terminate Plaintiff, and any reasons offered are pretextual and false in nature.

45. Defendant's illegal actions described above, directly and proximately caused, and continue to cause, Plaintiff to suffer loss of income and other financial benefits, a loss of future professional opportunities and future income, pain and suffering, humiliation, indignity, personal embarrassment and damage to her professional reputation.

46. Defendant engaged in its discriminatory actions described above with malice or with reckless indifference to the Plaintiff's legal rights.

Rights Act. Defendant had no legitimate business reason to terminate Plaintiff, and any reasons offered are pretextual and false in nature.

40. Defendant's illegal actions described above, directly and proximately caused, and continue to cause Plaintiff to suffer loss of income and other financial benefits, a loss of future professional opportunities and future income, pain and suffering, humiliation, indignity, personal embarrassment and damage to her professional reputation.

41. Defendant engaged in its discriminatory actions described above with malice or with reckless indifference to the Plaintiff's legal rights.

## COUNT V
### (Violation of the D.C. Human Rights Act of 1977, D.C. Code § 2–1401.01, *et seq.*)

42. Plaintiff re-alleges and incorporates by reference each and every allegation in paragraphs 1 to 41 above, as if fully set forth herein.

43. Defendant fired Plaintiff as a direct result of Plaintiff's wife testifying against Plaintiff's supervisor, Major Pettiford, in a sexual harassment lawsuit against the Agency.

44. Defendant's conduct, as alleged above, constitutes retaliation against the Plaintiff because his wife engaged in activities protected by the Title VII and the D.C. Human Rights Act. Defendant had no legitimate business reason to terminate Plaintiff, and any reasons offered are pretextual and false in nature.

45. Defendant's illegal actions described above, directly and proximately caused, and continue to cause, Plaintiff to suffer loss of income and other financial benefits, a loss of future professional opportunities and future income, pain and suffering, humiliation, indignity, personal embarrassment and damage to her professional reputation.

46. Defendant engaged in its discriminatory actions described above with malice or with reckless indifference to the Plaintiff's legal rights.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that this Court enter judgment for him and against Defendant and;

(a) Compensatory damages in the exact amount to be determined at trial, but in no event less than $1,000,000.00;

(b) Attorneys' fees and costs; and

(c) Such further relief as this Court deems just and fair.

## JURY DEMAND

Plaintiff demands a trial by jury of all issues so triable herein.

**DATED:** June 22, 2018

Respectfully submitted,

    /s/   Donald M. Temple
Donald M. Temple, Esq. [408749]
1310 L Street, N.W., Suite 750
Washington, D.C. 20005
Tel: (202) 628-1101
Fax: (202) 628-1149
dtemplelaw@gmail.com