UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT MURPHY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 18-cv-1478 (JDB) |
| | ) |
| DISTRICT OF COLUMBIA, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S MOTION TO DISMISS THE COMPLAINT IN PART**

Defendant District of Columbia (the District) respectfully moves, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss Counts II, III, IV, and V of the Complaint. A Memorandum of Points and Authorities in support of this Motion and a proposed Order are attached.

Dated: September 10, 2018

                                             Respectfully Submitted,

                                             KARL A. RACINE
                                             Attorney General for the District of Columbia

                                             GEORGE C. VALENTINE
                                             Deputy Attorney General
                                             Civil Litigation Division

                                             */s/ Sarah L. Knapp*
                                             SARAH L. KNAPP [470008]
                                             Chief, Civil Litigation Division Section III

                                             /s/ *Christina Okereke*
                                             CHRISTINA OKEREKE [219272]
                                             Assistant Attorney General
                                             441 Fourth Street, N.W.
                                             Suite 630 South
                                             Washington, D.C. 20001
                                             (202) 727-5173 (Telephone)
                                             (202) 715-7767 (Fax)

christina.okereke@dc.gov

*Counsel for Defendant*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT MURPHY, )<br>  )<br> Plaintiff, )<br>  )<br> v. )<br>  )<br> DISTRICT OF COLUMBIA, )<br>  )<br> Defendant. ) | No. 18-cv-1478 (JDB) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE COMPLAINT IN PART**

**INTRODUCTION**

Plaintiff brings claims under the Americans with Disabilities Act (ADA), the Family and Medical Leave Act (FMLA), the D.C. Family and Medical Leave Act (DCFMLA), Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. (Title VII), and the D.C. Human Rights Act (DCHRA).  Compl. Counts I-V, ¶¶ 23-46.  Plaintiff's FMLA, DCFMLA, Title VII, and DCHRA claims should be dismissed.  As set forth below, Plaintiff's FMLA and DCFMLA claims are untimely, and Plaintiff fails to state a retaliation claim under Title VII and the DCHRA.  Therefore, the Court should dismiss Counts II, III, IV, and V of the Complaint with prejudice.

**FACTS**

Plaintiff began his employment as a correctional officer at the D.C. Department of Corrections (DOC) in 1990.  Compl. ¶ 7.  Plaintiff has stage 5 kidney failure, hypertension, and diabetes.  *Id.* ¶ 8.  Plaintiff allegedly informed DOC of his conditions in or around January 2015.  *Id.* ¶ 9.  In April 2015, Plaintiff submitted a request for FMLA leave.  *Id.* ¶ 10.  DOC did not respond to Plaintiff's request.  *Id.* ¶¶ 11-13.

Plaintiff suffered a heart attack on June 18, 2015.  *Id.* ¶ 14.  On June 22, 2015, Plaintiff requested FMLA leave.  Compl. ¶ 15.  DOC did not respond to his request.  *Id.* ¶ 16.  The same day, Plaintiff's wife testified in a deposition against Plaintiff's supervisor, Major Joseph Pettiford, in a sexual harassment lawsuit filed against DOC.  *Id.* ¶¶ 17-18.  According to Plaintiff, Major Pettiford "intended to retaliate against Plaintiff and proposed Plaintiff's termination after Plaintiff requested FMLA leave and/or Major Pettiford discovered Plaintiff's wife intended to testify against Major Pettiford in the sexual harassment lawsuit."  *Id.* ¶ 19.  On June 24, 2015, Plaintiff received an advance notice of termination.  *Id.* ¶ 20.

## STANDARD OF REVIEW

"[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (internal quotation marks omitted).  A claim is facially plausible "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  Although "detailed factual allegations" are not required to withstand a Rule 12(b)(6) motion, a plaintiff must offer "more than labels and conclusions" to provide "grounds" of "entitle[ment] to relief."  *Twombly,* 550 U.S. at 555.  A complaint alleging facts which are "'merely consistent with' a defendant's liability, . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (brackets omitted).

**ARGUMENT**

**I.     Plaintiff's FMLA and DCFMLA Claims Are Time-Barred (Counts II and III).**

    **A.     Plaintiff's FMLA Claim is Time-Barred (Count II).**

An action under the FMLA must be brought within two years of the last event constituting the alleged violation, or within three years of the last event if the violation is willful. 29 U.S.C. § 2617(c)(1) & (2). Plaintiff did not file his complaint within two years of the last alleged discriminatory act, and he has not pled facts showing that the District acted willfully. Therefore, Plaintiff's FMLA claim is barred by the statute of limitations.

Plaintiff received notice of his termination on June 24, 2015. Compl. ¶ 20. But Plaintiff did not file the Complaint until June 22, 2018, well over two years later. Thus, Plaintiff's FMLA claim is time-barred under 29 U.S.C. § 2617(c)(1).

Nor does Plaintiff benefit from the three-year statute of limitations applicable to willful violations of the statute. *See* 29 U.S.C. § 2617(c)(2). "The three-year statute of limitations for willful violations does not apply unless the complaint contains some express or implied allegation of willful conduct. In the context of [the] FMLA, willful conduct is generally viewed as an employer that knows its conduct to be wrong or has shown reckless disregard for the matter in light of the statute." *Cooper v. Henderson*, 174 F. Supp. 3d 193, 205 (D.D.C. 2016) (citations and internal quotation marks omitted); *see also McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988) ("The word 'willful' is widely used in the law, and, although it has not by any means been given a perfectly consistent interpretation, it is generally understood to refer to conduct that is not merely negligent.").

Plaintiff has not alleged facts showing that the District acted willfully, and thus the three-year statute of limitations does not apply. Plaintiff alleges that he submitted two requests for

FMLA leave, in April 2015 and in June 2015, and that DOC simply did not respond to his requests.  Compl. ¶¶ 10-16.  There is no showing that DOC's failure to respond to his leave requests was anything more than "merely negligent."  *McLaughlin*, 486 U.S. at 133.  Plaintiff does not allege any direct remarks from a supervisor suggesting willful disregard toward his FMLA requests.  *Cf. Gordon v. U.S. Capitol Police*, 778 F.3d 158, 163 (D.C. Cir. 2015) (holding that the plaintiff sufficiently pled a causal link between her FMLA request and adverse action where she alleged that "one manager said he was 'mad' about FMLA requests generally and vowed to 'find a problem' with her request, while another became 'irate' on receiving her request").  Nor does he allege facts showing "an intentional pattern of harassment and retaliation" sufficient to show a willful violation of the FMLA.  *Cooper*, 174 F. Supp. 3d at 205-06 (plaintiff alleged "an intentional pattern of harassment and retaliation" sufficient to allege a willful violation and the complaint was thus timely where plaintiff alleged that "when she returned from FMLA leave, she was harassed by her superiors, given a ten-point deduction in her performance evaluation, and eventually terminated," and that "these actions were taken in retaliation for her protected activity with the intent to humiliate and harass her"); *Vick v. Brennan*, 172 F. Supp. 3d 285, 300 (D.D.C. 2016) ("[T]he overall arc of Plaintiff's allegations regarding McLlwain's multi-year campaign to orchestrate her termination through attacks, threats, harassment and baseless disciplinary actions, including the suspension that is alleged to have interfered with Plaintiff's FMLA rights, is sufficient to state a willful violation.") (citation omitted).  Plaintiff has not alleged a willful violation of the FMLA, and thus his FMLA claim is untimely.  Accordingly, the Court should dismiss Count II of the Complaint.

### B.      Plaintiff's DCFMLA Claim is Time-Barred (Count III).

The DCFMLA has a one-year statute of limitations. D.C. Code § 32–510(b) ("No civil action may be commenced more than 1 year after the occurrence or discovery of the alleged violation [of the DCFMLA]."). Plaintiff filed the Complaint on June 22, 2018. Therefore, any alleged adverse actions before June 22, 2017, are not actionable. Plaintiff received notice of his termination on June 24, 2015. Compl. ¶ 20. Thus, the last adverse action that Plaintiff suffered occurred nearly three years before he filed the Complaint, which is well outside the one-year limitations period. As a result, the Court should dismiss Count III of the Complaint as time-barred. *See Brewer v. HR Policy Ass'n*, 887 F. Supp. 2d 118, 123-24 (D.D.C. 2012) (dismissing DCFMLA claim as untimely); *Jackson v. Wilkes Artis*, 565 F. Supp. 2d 148, 152 (D.D.C. 2008) (same).

## II.     Plaintiff Fails to State a Retaliation Claim Under Title VII and the DCHRA (Counts IV and V).

Plaintiff brings claims under Title VII and the DCHRA as "additional and/or alternative retaliation claims." Compl. at 6. In support of these claims, Plaintiff alleges that he was fired because his wife testified in a deposition against his supervisor, Major Pettiford, in a sexual harassment suit against DOC. Compl. ¶¶ 38 (Count IV), 43 (Count V). However, Plaintiff cannot premise his retaliation claims on a non-employee's protected activity. Thus, the Court should dismiss Counts IV and V of the Complaint.

### A.      Plaintiff Fails to State a Retaliation Claim under Title VII (Count IV).

Under 42 U.S.C. § 2000e-3(a):

> It shall be an unlawful employment practice for an employer to discriminate against any of his employees or applicants for employment . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

5

"This provision protects employees who file discrimination charges (or engage in other statutorily protected activity) from materially adverse retaliation by their employers." *Howard R.L. Cook & Tommy Shaw Found. ex rel. Black Employees of Library of Cong., Inc. v. Billington*, 737 F.3d 767, 772 (D.C. Cir. 2013) (citing *Burlington Northern & Santa Fe Railway Co. v. White,* 548 U.S. 53 (2006)).  Thus, "[r]etaliation by an employer is unlawful only if that retaliation occurred because of actions by 'employees or applicants for employment.'" *Id.* (quoting 42 U.S.C. § 2000e–3(a)).

To prove retaliation under Title VII, a plaintiff must show "(1) that an employee [or applicant for employment] engaged in statutorily protected activity; (2) that the employee suffered a materially adverse action by the employee's employer; and (3) that a causal link connects the two." *Id.* (citing *Jones v. Bernanke,* 557 F.3d 670, 677 (D.C. Cir. 2009)).  Also, "[t]o survive [a] motion to dismiss, [a] complaint must 'contain sufficient factual matter, accepted as true,' to plausibly establish those three elements." *Id.* (quoting *Iqbal,* 556 U.S. at 678).  Plaintiff fails to allege the first element of a Title VII retaliation claim, and thus the Court should dismiss Count IV.

Plaintiff does not allege that he himself engaged in protected activity.  Instead, Plaintiff alleges that his wife did so when she testified in a deposition against Major Pettiford in a sexual harassment case.  But Plaintiff does not allege that his wife was either a DOC employee or an applicant for employment at the agency.  *See* Compl.  Therefore, Plaintiff fails to state a Title VII retaliation claim.  *Billington*, 737 F.3d at 772-73 (affirming Rule 12(b) dismissal of Title VII retaliation claim because "[t]he complaint . . . does not allege that *a particular employee . . . engaged in one of the statutorily protected activities and then suffered a materially adverse action because he or she had engaged in that statutorily protected activity*") (emphasis added).

Plaintiff's claim is thus distinguishable from the one the Supreme Court addressed in *Thompson v. North American Stainless, LP*, 562 U.S. 170 (2011). In that case, both the plaintiff and his fiancée were employed by the defendant employer. 562 U.S. at 172. The plaintiff's fiancée brought a charge of sex discrimination against the employer, and the employer fired the plaintiff three weeks later. *Id.* The Court held that the plaintiff's allegation that his employer fired him because his fiancée – another employee – brought a charge of discrimination against the employer stated a retaliation claim under Title VII. *Id.* at 173-74. As the Court noted, "[w]e think it obvious that a reasonable *worker* might be dissuaded from engaging in protected activity if she knew that her fiancé would be fired." *Id.* at 174 (emphasis added).

Here, in contrast, no "worker" engaged in protected activity. *Id.* "In short, the [C]omplaint fails to allege that [Plaintiff's termination] constituted retaliation for statutorily protected activity by 'employees or applicants for employment.' Absent such an allegation, the [C]omplaint fails to state a claim under Title VII." *Billington*, 737 F.3d at 773 (quoting 42 U.S.C. § 2000e–3(a)). Accordingly, the Court should dismiss Count IV of the Complaint.

### B.      Plaintiff Fails to State a Retaliation Claim under the DCHRA (Count V).

For the same reasons, Plaintiff fails to state a retaliation claim under the DCHRA. Claims brought under the DCHRA are analyzed under the same rubric applicable to Title VII claims. *See Bryant v. District of Columbia,* 102 A.3d 264, 268 (D.C. 2014) ("The analytical framework for establishing a prima facie case of retaliation is the same under both the DCHRA and Title VII.") (citation omitted). Because Plaintiff fails to state a Title VII claim for retaliation, he fails to state a DCHRA retaliation claim as well. *See Kennedy v. Nat'l R.R. Passenger Corp.*, 139 F. Supp. 3d 48, 58 n.3 (D.D.C. 2015) ("The same analysis applies to the plaintiff's claims under both Title VII and the DCHRA and these 'claims thus rise and fall

7

together.'") (quoting *Burley v. Nat'l Passenger Rail Corp.*, 801 F.3d 290, 296 (D.C. Cir. 2015)).

Therefore, the Court should dismiss Count V of the Complaint.

## CONCLUSION

For these reasons, the Court should grant Defendant's partial motion to dismiss the Complaint and dismiss Counts II, III, IV, and V of the Complaint with prejudice.

Dated: September 10, 2018

    Respectfully Submitted,

    KARL A. RACINE
    Attorney General for the District of Columbia

    GEORGE C. VALENTINE
    Deputy Attorney General
    Civil Litigation Division

    */s/ Sarah L. Knapp*
    SARAH L. KNAPP [470008]
    Chief, Civil Litigation Division Section III

    /s/ *Christina Okereke*
    CHRISTINA OKEREKE [219272]
    Assistant Attorney General
    441 Fourth Street, N.W.
    Suite 630 South
    Washington, D.C. 20001
    (202) 727-5173 (Telephone)
    (202) 715-7767 (Fax)
    christina.okereke@dc.gov

    *Counsel for Defendant*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT MURPHY, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   No. 18-cv-1478 (JDB) |
| | ) |
| DISTRICT OF COLUMBIA, | ) |
| | ) |
|     Defendant. | ) |

**ORDER**

Upon consideration of Defendant's Motion to Dismiss the Complaint in Part, any opposition and reply thereto, and the entire record herein, it is this _____ day of _____, 2018;

**ORDERED** that Defendant's Motion is **GRANTED**; and it is further

**ORDERED** that Counts II, III, IV, and V of the Complaint are dismissed **WITH PREJUDICE**.

**SO ORDERED.**

 

_____
JOHN D. BATES
United States District Judge

 

| | |
|---|---|
| Donald M. Temple | Christina Okereke |
| Law Offices of Donald M. Temple | Assistant Attorney General |
| 1310 L Street NW | 441 Fourth Street, NW |
| Suite 750 | Suite 630 South |
| Washington, D.C. 20005 | Washington, D.C. 20001 |
| *Counsel for Plaintiff* | *Counsel for Defendant* |