UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT MURPHY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 18-cv-1478 (JDB) |
| ) | |
| DISTRICT OF COLUMBIA, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S MOTION TO DISMISS THE AMENDED COMPLAINT IN PART**

Defendant District of Columbia (the District) respectfully moves, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss Count I and V of the Amended Complaint in part and Counts II, III, and IV in their entirety. A Memorandum of Points and Authorities in support of this Motion and a proposed Order are attached.

Dated: December 7, 2018

Respectfully Submitted,

KARL A. RACINE
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

*/s/ Alicia M. Cullen/sel*
ALICIA M. CULLEN [1015227]
Acting Chief, Civil Litigation Division Section III

/s/ *Christina Okereke*
CHRISTINA OKEREKE [219272]
Assistant Attorney General
441 Fourth Street, N.W.
Suite 630 South
Washington, D.C. 20001

(202) 727-5173 (Telephone)
(202) 715-7767 (Fax)
christina.okereke@dc.gov

*Counsel for Defendant*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT MURPHY, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>DISTRICT OF COLUMBIA, )<br>)<br>    Defendant. ) | No. 18-cv-1478 (JDB) |

### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE AMENDED COMPLAINT IN PART

**INTRODUCTION**

Plaintiff brings claims against Defendant District of Columbia (the District) under the Americans with Disabilities Act (ADA), the Family and Medical Leave Act (FMLA), the D.C. Family and Medical Leave Act (DCFMLA), Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. (Title VII), and the D.C. Human Rights Act (DCHRA).  Am. Compl. Counts I-V, ¶¶ 23-46.  Plaintiff's ADA discrimination and DCHRA claims should be dismissed in part, and his ADA retaliation, FMLA, DCFMLA, and Title VII claims should be dismissed in their entirety.  As set forth below, partial dismissal is warranted on the following grounds:  (1) Plaintiff's ADA discrimination claim fails in part because the District cannot have refused to accommodate Plaintiff when it did not respond to his June 2015 FMLA leave request, submitted two days before Plaintiff's termination; (2) Plaintiff failed to exhaust the administrative remedies for his ADA retaliation claim; (3) Plaintiff's FMLA and DCFMLA claims are untimely; (4) Plaintiff fails to state a retaliation claim under Title VII; and (5) Plaintiff's third-party reprisal theory of retaliation is not viable under the DCHRA.  Accordingly, the Court should dismiss

Counts I and V of the Amended Complaint in part, and should dismiss Counts II, III, and IV in their entirety with prejudice.

## FACTS

Plaintiff began his employment as a correctional officer at the D.C. Department of Corrections (DOC) in 1990.  Am. Compl. ¶ 7.  Plaintiff has stage 5 kidney failure, hypertension, and diabetes.  *Id.* ¶ 8.  Plaintiff allegedly informed DOC of his conditions in or around January 2015.  *Id.* ¶ 9.  On April 2, 2015, Plaintiff submitted a request for FMLA leave.  *Id.* ¶ 10.  DOC allegedly did not respond to Plaintiff's request.  *Id.* ¶¶ 11-13.

Plaintiff suffered a heart attack on June 18, 2015.  *Id.* ¶ 14.  After his release from the hospital, Plaintiff submitted a second request for FMLA leave on June 22, 2015.  Am. Compl. ¶ 15.  The same day, Plaintiff's wife testified in a deposition against Plaintiff's supervisor, Major Joseph Pettiford, in a sexual harassment lawsuit filed against DOC.  *Id.* ¶¶ 17-18.  According to Plaintiff, "Major Pettiford knew that Plaintiff supported his wife's decision to participate in the sexual harassment lawsuit against [DOC] and Major Pettiford."  *Id.* ¶ 18.  Plaintiff also alleges that "due to Plaintiff's clear support of his wife's participation in the sexual harassment lawsuit, upon information and belief, Major Pettiford perceived Plaintiff as a participant in the claims."  *Id.* ¶ 19.

On June 24, 2015, Plaintiff received an advance notice of termination.  *Id.* ¶ 20.  DOC did not respond to Plaintiff's June 22, 2015 request for FMLA leave before his termination.  *Id.* ¶ 16.

On August 13, 2015, Plaintiff filed a charge of discrimination with the D.C. Office of Human Rights (OHR), which he cross-filed with the U.S. Equal Employment Opportunity Commission (EEOC).  Ex. 1, Charge of Discrimination, dated Aug. 13, 2015.  Plaintiff alleged sex discrimination, disability discrimination, retaliation, and violation of the DCFMLA, and claimed that DOC violated the ADA, Title VII, the DCFMLA, and the DCHRA.  *Id.* at 1.

Plaintiff's factual allegations described DOC's alleged failure to respond to his FMLA leave requests and asserted that he was terminated in retaliation for his wife's testimony in the sexual harassment lawsuit.  *Id.*

## STANDARD OF REVIEW

"[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (internal quotation marks omitted).  A claim is facially plausible "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  Although "detailed factual allegations" are not required to withstand a Rule 12(b)(6) motion, a plaintiff must offer "more than labels and conclusions" to provide "grounds" of "entitle[ment] to relief."  *Twombly,* 550 U.S. at 555.  A complaint alleging facts which are "'merely consistent with' a defendant's liability, . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (brackets omitted).

"In ruling upon a motion to dismiss, a court may ordinarily consider only the facts alleged in the Complaint, documents attached as exhibits or incorporated by reference in the complaint, and matters about which the Court may take judicial notice.  Generally, where matters outside the pleadings are presented to and not excluded by the court, the motion to dismiss must be treated as one for summary judgment under Rule 56."  *Ashraf-Hassan v. Embassy of France in U.S.*, 878 F. Supp. 2d 164, 169 (D.D.C. 2012).  However, "a court may consider an EEOC complaint and Notice of Charge without converting a motion to dismiss into a

motion for summary judgment because such records are public documents of which a court may take judicial notice." *Id.*

## ARGUMENT

### I.  Most of Plaintiff's ADA Claims Fail.

Plaintiff brings two claims under the ADA: (1) a discrimination claim for failure to accommodate based on the District's failure to respond to his FMLA leave requests; and (2) a retaliation claim alleging that the District retaliated against him for requesting a reasonable accommodation. The discrimination claim fails in part because the alleged facts do not show that the District refused to accommodate Plaintiff's June 22, 2015 request for FMLA leave. The retaliation claim fails in its entirety because Plaintiff failed to administratively exhaust the claim. Therefore, the Court should dismiss Count I of the Amended Complaint in part.

#### A.  The District Did Not Refuse to Accommodate Plaintiff's June 22, 2015 Request for FMLA Leave.

"To state a claim for failure to accommodate, a plaintiff must allege facts sufficient to show that (1) he had a disability within the meaning of the ADA; (2) his employer had notice of his disability; (3) he could perform the essential functions of the position with reasonable accommodation; and (4) his employer refused to make such accommodation." *Hodges v. Dist. of Columbia*, 959 F. Supp. 2d 148, 153–54 (D.D.C. 2013) (citing *Gordon v. Dist. of Columbia*, 480 F. Supp. 2d 112, 115 (D.D.C. 2007)). Plaintiff has not shown that the District refused to accommodate his June 22, 2015 request for FMLA leave because the District did not have sufficient time to act on Plaintiff's request. Therefore, Plaintiff's ADA discrimination claim should be dismissed in part.

"[A]n employer's unreasonable delay may constitute the denial of an accommodation in some circumstances. Not any delay, though, can be considered unreasonable as a matter of law.

A relatively short delay of a few weeks (or even a few months) in approving a request typically does not support such a claim." *Marks v. Washington Wholesale Liquor Co. LLC*, 253 F. Supp. 3d 312, 324 (D.D.C. 2017) (citations and quotation marks omitted).[1]  Here, Plaintiff requested FMLA leave on June 22, 2015, by faxing a letter with the request to DOC. Am. Compl. ¶ 15. But two days later, on June 24, 2015, Plaintiff was issued an advance notice of termination. *Id.* ¶ 20. It would not have been reasonable for the agency to issue a decision on a FMLA leave request for an employee whose termination was pending. A two-day delay is not sufficiently lengthy to constitute a refusal to make a reasonable accommodation. *See Marks*, 253 F. Supp. 3d at 325 (17-day delay in granting accommodation request was not a refusal to accommodate).

"[T]here are certainly circumstances in which a 'long-delayed accommodation could be considered' unreasonable and hence 'actionable under the ADA.' This case, however, does not present such circumstances." *Mogenhan v. Napolitano*, 613 F.3d 1162, 1168 (D.C. Cir. 2010) (quoting *Mayers v. Laborers' Health & Safety Fund*, 478 F.3d 364, 368 (D.C. Cir. 2007)) (citations omitted). Accordingly, the Court should dismiss Plaintiff's ADA discrimination claim based on the June 22, 2015 FMLA leave request.

### B. Plaintiff Failed to Exhaust His ADA Retaliation Claim.

Plaintiff's retaliation claim cannot stand because he failed to administratively exhaust the claim in his charge of discrimination. Plaintiff did not allege retaliation based on his request for

---

[1] "In determining whether a particular delay is unreasonable, courts look to factors such as 'the length of the delay, the reasons for the delay, whether the employer has offered any alternative accommodations while evaluating a particular request, and whether the employer has acted in good faith.'" *Matos v. DeVos*, 317 F. Supp. 3d 489, 499 (D.D.C. 2018) (quoting *Selenke v. Med. Imaging of Colorado*, 248 F.3d 1249, 1262-63 (10th Cir. 2001)).

an accommodation in his EEOC charge, and thus he failed to exhaust his instant ADA retaliation claim.  Therefore, the Court should dismiss the claim.

"[I]t is well established that 'before bringing suit in federal court, ADA plaintiffs, like those under Title VII, must exhaust their administrative remedies by filing an EEOC charge and giving that agency a chance to act on it.'"  *Elzeneiny v. Dist. of Columbia*, 195 F. Supp. 3d 207, 225 (D.D.C. 2016) (quoting *Marshall v. Fed. Exp. Corp.*, 130 F.3d 1095, 1098 (D.C. Cir. 1997)).  An EEOC charge "will not satisfy the exhaustion requirement for claims it does not fairly embrace.  Allowing a complaint to encompass allegations outside the ambit of the predicate EEOC charge would circumvent the EEOC's investigatory and conciliatory role, as well as deprive the charged party of notice of the charge . . . Naturally every detail of the eventual complaint need not be presaged in the EEOC filing, but the substance of an ADA claim . . . must fall within the scope of the administrative investigation that can reasonably be expected to follow the charge of discrimination."  *Marshall*, 130 F.3d at 1098.

Nowhere in Plaintiff's charge does he claim that he was retaliated against because he sought a reasonable accommodation by requesting FMLA leave.  *See* Ex. 1.  Instead, Plaintiff only alleged retaliation based on his wife's testimony in the sexual harassment lawsuit.  *See id.* at 1 ("I contend the Respondent's decision to terminate my employment was retaliation for my domestic partner/fiancé's [sic] testimony.").  Because Plaintiff did not mention any allegation of retaliation for having requested an accommodation, he failed to exhaust the administrative remedies for his ADA retaliation claim.  Accordingly, the Court should dismiss this claim.  *See Elzeneiny*, 195 F. Supp. 3d at 227 (dismissing ADA claims that were not mentioned in the plaintiff's administrative filings); *Carson v. Sim*, 778 F. Supp. 2d 85, 95 (D.D.C. 2011) (dismissing ADA claim not mentioned in the charge of discrimination for failure to exhaust).

## II.     Plaintiff's FMLA and DCFMLA Claims Are Time-Barred (Counts II and III).

### A.     Plaintiff's FMLA Claim is Time-Barred (Count II).

An action under the FMLA must be brought within two years of the last event constituting the alleged violation, or within three years of the last event if the violation is willful. 29 U.S.C. § 2617(c)(1) & (2).  Plaintiff did not file his complaint within two years of the last alleged discriminatory act, and he has not sufficiently pled facts showing that the District acted willfully.  Therefore, Plaintiff's FMLA claim is barred by the statute of limitations.

Plaintiff received notice of his termination on June 24, 2015.  Am. Compl. ¶ 20.  But Plaintiff did not file the original complaint until June 22, 2018, well over two years later.  Thus, Plaintiff's FMLA claim is time-barred under 29 U.S.C. § 2617(c)(1).

Further, Plaintiff does not allege facts to show a willful violation of the FMLA, and thus the three-year statute of limitations does not apply.  *See* 29 U.S.C. § 2617(c)(2).  "The three-year statute of limitations for willful violations does not apply unless the complaint contains some express or implied allegation of willful conduct.  In the context of [the] FMLA, willful conduct is generally viewed as an employer that knows its conduct to be wrong or has shown reckless disregard for the matter in light of the statute."  *Cooper v. Henderson*, 174 F. Supp. 3d 193, 205 (D.D.C. 2016) (citations and internal quotation marks omitted); *see also McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988) ("The word 'willful' is widely used in the law, and, although it has not by any means been given a perfectly consistent interpretation, it is generally understood to refer to conduct that is not merely negligent.").

Here, Plaintiff alleges in conclusory fashion that DOC "willfully and intentionally refused [to perform its] obligations" under the FMLA, Am. Comp. ¶ 13, "or, at the very least, show[ed] reckless disregard for the applicable FMLA laws," *id.* ¶ 16.  These threadbare

7

allegations offer nothing more than labels and conclusions, and thus do not state a claim. *See Iqbal*, 556 U.S. at 678-79 ("A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.").

Furthermore, the factual allegations do not show a willful violation. Plaintiff alleges that he submitted two requests for FMLA leave, in April 2015 and in June 2015, and that DOC did not respond. Am. Compl. ¶¶ 10-16. There is no showing that DOC's failure to respond to his leave requests was anything more than "merely negligent." *McLaughlin*, 486 U.S. at 133. Nor does Plaintiff allege any direct remarks suggesting willful disregard toward his FMLA requests. *Cf. Gordon v. U.S. Capitol Police*, 778 F.3d 158, 163 (D.C. Cir. 2015) (holding that the plaintiff sufficiently pled a causal link between her FMLA request and adverse action where she alleged that "one manager said he was 'mad' about FMLA requests generally and vowed to 'find a problem' with her request, while another became 'irate' on receiving her request"). He also does not allege "an intentional pattern of harassment and retaliation" sufficient to show a willful violation of the FMLA. *Cooper*, 174 F. Supp. 3d at 205-06 (plaintiff alleged "an intentional pattern of harassment and retaliation" sufficient to allege a willful violation and the complaint was thus timely where plaintiff alleged that "when she returned from FMLA leave, she was harassed by her superiors, given a ten-point deduction in her performance evaluation, and eventually terminated," and that "these actions were taken in retaliation for her protected activity with the intent to humiliate and harass her"); *see also Vick v. Brennan*, 172 F. Supp. 3d 285, 300 (D.D.C. 2016) ("[T]he overall arc of Plaintiff's allegations regarding McLlwain's multi-year campaign to orchestrate her termination through attacks, threats, harassment and baseless disciplinary actions, including the suspension that is alleged to have interfered with Plaintiff's FMLA rights, is sufficient to state a willful violation.") (citation omitted). Plaintiff has not

alleged a willful violation of the FMLA, and thus his FMLA claim is untimely. Accordingly, the Court should dismiss Count II of the Amended Complaint.

### B. Plaintiff's DCFMLA Claim is Time-Barred (Count III).

The DCFMLA has a one-year statute of limitations. D.C. Code § 32–510(b) ("No civil action may be commenced more than 1 year after the occurrence or discovery of the alleged violation [of the DCFMLA]."). Plaintiff filed the original complaint on June 22, 2018. Therefore, any alleged adverse actions before June 22, 2017, are not actionable. Plaintiff received notice of his termination on June 24, 2015. Am. Compl. ¶ 20. Thus, the last adverse action that Plaintiff suffered occurred nearly three years before he filed the Complaint, which is well outside the one-year limitations period. Therefore, the Court should dismiss Count III of the Amended Complaint as time-barred. *See Brewer v. HR Policy Ass'n*, 887 F. Supp. 2d 118, 123-24 (D.D.C. 2012) (dismissing DCFMLA claim as untimely); *Jackson v. Wilkes Artis*, 565 F. Supp. 2d 148, 152 (D.D.C. 2008) (same).

### III. Plaintiff Fails to State a Retaliation Claim Under Title VII (Count IV).

Plaintiff brings a retaliation claim under Title VII "[i]n the alternative" to his retaliation claims under the ADA, FMLA, and DCFMLA. Am. Compl. at 6. In support of this alternative claim, Plaintiff alleges that he was fired "as a direct result of Plaintiff's wife testifying against Plaintiff's supervisor, Major Pettiford, in a sexual harassment lawsuit against [DOC]." *Id.* ¶ 38. Plaintiff also alleges that "due to Plaintiff's clear support of his wife's participation in the sexual harassment lawsuit, upon information and belief, Major Pettiford perceived Plaintiff as a participant in the claims." *Id.* ¶¶ 19, 38. According to Plaintiff, "Major Pettiford knew that Plaintiff supported his wife's decision to participate in the sexual harassment lawsuit against [DOC] and Major Pettiford." *Id.* ¶ 18. However, Plaintiff cannot avoid dismissal of his Title VII retaliation claim

9

because there is no allegation that Plaintiff's wife was an employee or an applicant for employment at DOC when Plaintiff was terminated. Thus, the Court should dismiss Count IV of the Amended Complaint.

Under 42 U.S.C. § 2000e-3(a):

> It shall be an unlawful employment practice for an employer to discriminate against any of his employees or applicants for employment . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

"This provision protects employees who file discrimination charges (or engage in other statutorily protected activity) from materially adverse retaliation by their employers." *Howard R.L. Cook & Tommy Shaw Found. ex rel. Black Employees of Library of Cong., Inc. v. Billington*, 737 F.3d 767, 772 (D.C. Cir. 2013) (citing *Burlington Northern & Santa Fe Railway Co. v. White,* 548 U.S. 53 (2006)). Thus, "[r]etaliation by an employer is unlawful only if that retaliation occurred because of actions by 'employees or applicants for employment.'" *Id.* (quoting 42 U.S.C. § 2000e–3(a)).

To prove retaliation under Title VII, a plaintiff must show "(1) that an employee [or applicant for employment] engaged in statutorily protected activity; (2) that the employee suffered a materially adverse action by the employee's employer; and (3) that a causal link connects the two." *Id.* (citing *Jones v. Bernanke,* 557 F.3d 670, 677 (D.C. Cir. 2009)). Also, "[t]o survive [a] motion to dismiss, [a] complaint must 'contain sufficient factual matter, accepted as true,' to plausibly establish those three elements." *Id.* (quoting *Iqbal,* 556 U.S. at 678). Plaintiff fails to plausibly allege the first element of a Title VII retaliation claim because no employee or applicant for employment engaged in protected activity.

10

Plaintiff does not allege that he engaged in protected activity.  Instead, Plaintiff alleges that his wife did so when she testified in a deposition against Major Pettiford in a sexual harassment case.  But Plaintiff does not allege that his wife was either a DOC employee or an applicant for employment at the agency.  *See* Am. Compl.  Therefore, Plaintiff fails to state a Title VII retaliation claim.  *Billington*, 737 F.3d at 772-73 (affirming Rule 12(b)(6) dismissal of Title VII retaliation claim because "[t]he complaint . . . does not allege that *a particular employee* . . . engaged in one of the statutorily protected activities and then suffered a materially adverse action because he or she had engaged in that statutorily protected activity") (emphasis added).

Plaintiff's claim is thus distinguishable from the one the Supreme Court addressed in *Thompson v. North American Stainless, LP*, 562 U.S. 170 (2011).  In that case, both the plaintiff and his fiancée were employed by the defendant employer.  562 U.S. at 172.  The plaintiff's fiancée brought a charge of sex discrimination against the employer, and the employer fired the plaintiff three weeks later.  *Id.*  The Court held that the plaintiff's allegation that his employer fired him because his fiancée – another employee – brought a charge of discrimination against the employer stated a retaliation claim under Title VII.  *Id.* at 173-74.  As the Court noted, "[w]e think it obvious that a reasonable *worker* might be dissuaded from engaging in protected activity if she knew that her fiancé would be fired."  *Id.* at 174 (emphasis added).

Here, in contrast, no "worker" engaged in protected activity.  *Id.*  "In short, the [C]omplaint fails to allege that [Plaintiff's termination] constituted retaliation for statutorily protected activity by 'employees or applicants for employment.'  Absent such an allegation, the [C]omplaint fails to state a claim under Title VII."  *Billington*, 737 F.3d at 773 (quoting 42

U.S.C. § 2000e–3(a)). Accordingly, the Court should dismiss Count IV of the Amended Complaint.

### IV.     **Plaintiff's DCHRA Retaliation Claim Should Be Dismissed in Part (Count V).**

In addition to his Title VII claim, Plaintiff brings a retaliation under the DCHRA "[i]n the alternative" to his retaliation claims under the ADA, FMLA, and DCFMLA. Am. Compl. at 6. In support of his DCHRA claim, Plaintiff alleges as follows:

> Defendant fired Plaintiff as a direct result of Plaintiff's wife testifying against Plaintiff's supervisor, Major Pettiford, in a sexual harassment lawsuit against the Agency. Further, due to Plaintiff's clear support of his wife's participation in the sexual harassment lawsuit, upon information and belief, Major Pettiford perceived Plaintiff as a participant in the claims.

Am. Compl. ¶ 43 (Count V). Thus, Plaintiff appears to allege two theories of retaliation under the DCHRA: (1) third-party reprisal based on his wife's testimony in the sexual harassment case; and (2) retaliation based on Plaintiff's own protected activity in "support[ing]" his wife's participation in the lawsuit. *Id.* To the extent that Plaintiff brings a third-party reprisal claim based on retaliation for his wife's testimony, the D.C. Court of Appeals has not recognized this theory of third-party reprisal under the DCHRA. *See Milstein v. Henske*, 722 A.2d 850, 853-55 (D.C. 1999). Therefore, Plaintiff fails to state a retaliation claim based on this theory. Accordingly, the Court should dismiss Count V of the Amended Complaint in part.

### CONCLUSION

For the foregoing reasons, the Court should grant Defendant's motion to dismiss the Amended Complaint in part and dismiss Counts I and V in part and Counts II, III, IV in their entirety with prejudice.

Dated: December 7, 2018

                                        Respectfully Submitted,

KARL A. RACINE
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

*/s/ Alicia M. Cullen/sel*
ALICIA M. CULLEN [1015227]
Acting Chief, Civil Litigation Division Section III

/s/ *Christina Okereke*
CHRISTINA OKEREKE [219272]
Assistant Attorney General
441 Fourth Street, N.W.
Suite 630 South
Washington, D.C. 20001
(202) 727-5173 (Telephone)
(202) 715-7767 (Fax)
christina.okereke@dc.gov

*Counsel for Defendant*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT MURPHY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 18-cv-1478 (JDB) |
| | ) |
| DISTRICT OF COLUMBIA, | ) |
| | ) |
| Defendant. | ) |

### ORDER

Upon consideration of Defendant's Motion to Dismiss the Amended Complaint in Part, any opposition and reply thereto, and the entire record herein, it is this _____ day of _____, 201__;

**ORDERED** that Defendant's Motion is **GRANTED**; and it is further

**ORDERED** that Count I of the Amended Complaint is dismissed in part, specifically Plaintiff's claim of discrimination under the ADA based on his June 22, 2015 request for a reasonable accommodation, **WITH PREJUDICE**; and it is further

**ORDERED** that Count V of the Amended Complaint is dismissed in part **WITH PREJUDICE**; and it is further

**ORDERED** that Counts II, III, IV, and V of the Amended Complaint are dismissed **WITH PREJUDICE**.

**SO ORDERED.**

_____
JOHN D. BATES
United States District Judge

Copies to:

| | |
|---|---|
| Donald M. Temple | Christina Okereke |
| Law Offices of Donald M. Temple | Assistant Attorney General |
| 1310 L Street NW | 441 Fourth Street, NW |
| Suite 750 | Suite 630 South |
| Washington, D.C. 20005 | Washington, D.C. 20001 |
| *Counsel for Plaintiff* | *Counsel for Defendant* |