UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT MURPHY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 18-cv-1478 (JDB) |
| ) | |
| DISTRICT OF COLUMBIA, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

COMES NOW Plaintiff, by and through undersigned counsel, and respectfully opposes Defendant's Motion to Dismiss Plaintiff's Amended Complaint. A Memorandum of Points and Authorities in support of this Motion is attached.

Dated: January 11, 2019

                                                  Respectfully submitted,

                                                  *Donald M. Temple*
                                                  Donald M. Temple #408749
                                                  1310 L Street NW, Suite 750
                                                  Washington, DC 20005
                                                  Tel: (202) 628-1101
                                                  Fax: (202) 628-1149
                                                  dtemplelaw@gmail.com
                                                  *Attorney for Plaintiff*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT MURPHY, )<br>)<br>   Plaintiff, )<br>)<br>  v. )<br>)<br>DISTRICT OF COLUMBIA, )<br>)<br>   Defendant. )<br>_____) | Civil Action No. 18-cv-1478 (JDB) |

**MEMORANDUM OF POINTS AND AUTHORITIES SUPPORTING
PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

Comes now Plaintiff, Robert Murphy (the "Plaintiff"), by and through the undersigned counsel, and respectfully opposes Defendant District of Columbia's (the "District" or "Defendant") Motion to Dismiss of Counts I and V of Plaintiff's Amended Complaint in part and Counts II, III, and IV in their entirety. Contrary to the District's assertions, Plaintiff's claims have been dutifully stated and the District's attempts to show otherwise are misguided. In fact, many of the District's arguments would require this Court to prematurely apply a Rule 56 standard to this matter, which would be inappropriate at this early stage of the litigation. As such, and as further explained below, the District's Motion for Dismiss should be denied.

**I. STANDARD OF REVIEW**

The Federal Rules of Civil Procedure merely require that a complaint contain a "short and plain statement of the claim," in order to give a defendant fair notice of the claim and the grounds upon which it rests. Fed. R. Civ. P. 8(a)(2); *see Erickson v. Pardus*, 551 U.S. 89, 93, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007). A motion to dismiss

under Rule 12(b)(6) does not test a plaintiff's ultimate likelihood of success on the merits; rather, it tests whether a plaintiff has properly stated a claim. *See Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). A court considering such a motion presumes the factual allegations of the complaint to be true and construes them liberally in the plaintiff's favor. *See, e.g.*, *United States v. Philip Morris, Inc.*, 116 F.Supp.2d 131, 135 (D.D.C. 2000). It is not necessary for a plaintiff to plead all elements of his *prima facie* case in the complaint. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511–14, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002); *Bryant v. Pepco*, 730 F.Supp.2d 25, 28–29 (D.D.C. 2010).

## II.   ARGUMENT

### A.   Plaintiff Has Properly Pleaded His ADA Claim For the District's Failure to Accommodate Plaintiff's Disability.

"To state a claim for failure to accommodate, a plaintiff must allege facts sufficient to show that (1) he had a disability within the meaning of the ADA; (2) his employer had notice of his disability; (3) he could perform the essential functions of the position with reasonable accommodation; and (4) his employer refused to make such accommodation." *Hodges v. Dist. of Columbia*, 959 F. Supp. 2d 148, 153–54 (D.D.C. 2013) (citing *Gordon v. Dist. of Columbia*, 480 F. Supp. 2d 112, 115 (D.D.C. 2007). The District's only contention is that "Plaintiff has not shown that the District refused to accommodate his June 22, 2015 request for FMLA because the District did not have sufficient time to act on Plaintiff's request." Defendant's Motion to Dismiss ("Def.'s Mot.") at 4. However, the District's own language betrays its inappropriate intentions to misapply a Rule 56 standard at this early stage of the litigation.

In Count I of Plaintiff's Amended Complaint, he alleges that Defendant

discriminated against him in violation of the ADA by failing to accommodate Plaintiff's disability by consistently refusing Plaintiff's attempts to request necessary medical leave, and retaliating against Plaintiff for requesting said medical leave. *See* Plaintiff's Amended Complaint ("Am. Compl.") at 4. Defendant cites to several cases exclusively using Rule 56 standards of review, and would seemingly require Plaintiff to show or prove his claim without the aid of discovery. Such an analysis is wholly inappropriate at this early stage of the litigation. A motion to dismiss under Rule 12(b)(6) does not test a plaintiff's ultimate likelihood of success on the merits; rather, it tests whether a plaintiff has properly stated a claim. *See Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

Plaintiff's Amended Complaint also discusses several of Plaintiff's requests for accommodations relating to his well-documented disability, of which the District is in receipt of and well aware. *See* Am. Compl. at ¶¶ 9-16. It cannot be contested that Defendant was given adequate time to respond to Plaintiff's requests for accommodations; however, it would be inappropriate to rule on this contested factual issue at this early stage of the litigation. Plaintiff has properly pleaded his ADA claim for the District's failure to accommodate Plaintiff's disability. As such, Defendant's Motion to Dismiss Count I of Plaintiff's Amended Complaint should be denied.

   **B.**  **Plaintiff Has Properly Exhausted His ADA Retaliation Claim.**

Plaintiff's ADA retaliation claim was properly administratively exhausted in his charge of discrimination before the U.S. Equal Employment Opportunity Commission ("EEOC"). "[I]t is well established that 'before bringing suit in federal court, ADA plaintiffs, like those under Title VII, must exhaust their administrative remedies by filing

an EEOC charge and giving that agency a chance to act on it.'" *Elzeneiny v. Dist. of Columbia*, 195 F. Supp. 3d 207, 225 (D.D.C. 2016) (quoting *Marshall v. Fed. Exp. Corp.*, 130 F.3d 1095, 1098 (D.C. Cir. 1997)). "Naturally every detail of the eventual complaint need not be presaged in the EEOC filing, but the substance of an ADA claim … must fall within the scope of the administrative investigation that can reasonably be expected to follow the charge of discrimination." *Marshall*, 130 F.3d at 1098.

Defendant's contend that "[n]owhere in Plaintiff's charges does he claim that he was retaliated against because he sought a reasonable accommodation by requesting FMLA leave." Def.'s Mot. at 6. However, Plaintiff's EEOC Charge of Discrimination very clearly states "I believe that I have been discriminated against in the terms, conditions, and privileges of employment based on my Disability, D.C. Family and Medical Leave Act and Retaliation for participating in a protected activity for the following reasons" immediately preceding Plaintiff's discussion of his disability and FMLA requests. Def.'s Mot. at Ex 1. Additionally, Plaintiff checked the appropriate box for retaliation on the EEOC Charge. *See id*. A plain reading of the document places Plaintiff's ADA retaliation claim well within the reasonable scope of the EEOC's investigation of the charge and placed Defendant on notice of his retaliation claims.

Defendant's argument relies entirely on the premise that the EEOC officer adding the word "retaliation" again to a subheading within the charge sheet. Taking such a narrow and overly stringent view of Plaintiff's charge sheet would be inequitable, unjust, and provide future plaintiffs, particularly relatively unsophisticated parties, with a dire landscape in which to correctly proceed with the exhaustion of discrimination claims. Plaintiff has properly exhausted his ADA retaliation claim. As such, Defendant's Motion

to Dismiss Count I of Plaintiff's Amended Complaint should be denied.

### C.     Plaintiff's Has Properly Pleaded Willful Violations of FMLA.

A plaintiff must bring an FMLA claim within two years of "the last event constituting the alleged violation" of the statute. 29 U.S.C. § 2617(c)(1). A three-year statute of limitations applies, however, if "the complaint contains some express or implied allegation of willful conduct." *Hodge v. United Airlines*, 666 F.Supp.2d 14, 23 (D.D.C. 2009) (citing *Sampson v. Citibank, F.S.B.*, 53 F. Supp. 2d 13, 19 (D.D.C. 1999)); *see also* 29 U.S.C. § 2617(c)(2) ("In the case of such action brought for a willful violation of section 2615 of this title, such action may be brought within 3 years of the date of the last event constituting the alleged violation for which such action is brought."). "In the context of the FMLA, willful conduct is generally viewed as 'an employer that knows its conduct to be wrong or has shown reckless disregard for the matter in light of the statute.'" *Hodge*, 666 F. Supp. 2d at 23 (quoting *Sampson*, 53 F. Supp. 2d at 19; citing *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 108 S.Ct. 1677, 100 L.Ed.2d 115 (1988) (adopting "knowing or reckless disregard" standard in the analogous Fair Labor Standards Act context); *Bass v. Potter*, 522 F.3d 1098, 1103–04 (10th Cir. 2008) (following decisions of the First, Second, Sixth and Eighth Circuits in applying the *McLaughlin* standard to the FMLA)).

Defendant asserts that the allegations contained within Plaintiff's Amended Complaint do not show any willful FMLA violations. *See* Def.'s Mot. at 7. Again, at this early stage of litigation, Plaintiff is not required to *prove* willfulness. Plaintiff has, however, made sufficient allegations of willful FMLA violations by claiming that, among other allegations of encompassing willful conduct on the part of Defendant, the "Agency

is well aware of its obligations under the applicable federal and state FMLA laws and willfully and intentionally refused said obligations, despite Plaintiff's numerous attempts to obtain FMLA coverage." Am. Compl. at ¶ 13.

Construing the allegations in the Amended Complaint in the light most favorable to Plaintiff, and considering his claim that Defendant acted "knowingly" and "intentionally," the overall arc of Plaintiff's allegations regarding Defendant's continued campaign to interfere with Plaintiff's FMLA and other legal rights, knowing full well that Plaintiff was disabled and in the midst of battling acute kidney failure and heart attacks, should be sufficient to state a willful violation. This is particularly true at this early stage of the case. *See Ricco v. Potter*, 377 F.3d 599, 603 (6th Cir. 2004) ("Because a plaintiff's factual allegations must be taken as true for purposes of a Rule 12(b)(6) motion, a plaintiff may survive merely by having alleged that the FMLA violation was willful."). As such, Defendant's Motion to Dismiss Count II of Plaintiff's Amended Complaint should be denied.

### D.   Plaintiff's DCFMLA Claims Are Timely.

Defendant argues that Count III of Plaintiff's Amended Complaint, which asserts claims under the DCFMLA, should be dismissed as time-barred because Plaintiff did not file this lawsuit within one year of the last adverse action, citing D.C. Code § 32–510(b). ("No civil action may be commenced more than 1 year after the occurrence or discovery of the alleged violation [of the DCFMLA]."). Defendant's argument is disingenuous at best, as District regulations provide that this statute of limitations is tolled while a plaintiff pursues administrative remedies. *See* D.C. Mun. Regs. tit. IV, § 1610.3. Defendant's themselves attached Plaintiff's August of 2015 EEOC charge, which is

7

cross-filed with the D.C. Office of Human Rights, to its Motion to Dismiss. Plaintiff raises his DCFMLA claims in said EEOC charge. *See* Def.'s Mot. at Ex. 1. Plaintiff's administrative charge, which included his DCFMLA claims, therefore tolled the relevant statute of limitations pursuant to District regulations, and Plaintiff's claims are timely as a result. *See Perez v. Dist. of Columbia*, 305 F. Supp. 3d 51, 59–60 (D.D.C. 2018). As such, Defendant's Motion to Dismiss Count III of Plaintiff's Amended Complaint should be denied.

### E.     Plaintiff Has Properly Pleaded His Retaliation Claim Under Title VII.

Title VII prohibits employers from taking retaliatory actions against an employee "because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e–3(a). Defendant argues that Count IV of Plaintiff's Amended Complaint should be dismissed because Title VII does not protect family members who are retaliated against based on the protected activity of their spouse.

Some courts considering the scope of § 2000e–3(a) and other similar anti-retaliation statutes have found that the statutes' plain language "requires that the person retaliated against also be the person who engaged in the protected activity[,]" *see Fogleman v. Mercy Hosp., Inc.*, 283 F. 3d 561, 568 (3rd Cir. 2002) (discussing the ADEA), and provides no "'piggyback' protection" of spouses "who ... did not engage in protected activity, but who [are] merely associated with another employee who did oppose an alleged unlawful employment practice." *Thompson v. N. Am. Stainless, LP*, 567 F. 3d 804, 816 (6th Cir. 2009) (*en banc*) (discussing Title VII).

Plaintiff asserts that Title VII's anti-retaliation provision should be read to protect him, which has significant support in this jurisdiction. *See*, *e.g.*, *DeMedina v. Reinhardt*, 444 F. Supp. 573 (D.D.C. 1978); *Johnson v. Napolitano*, 686 F. Supp. 2d 32, 36 (D.D.C. 2010) ("A perception theory of retaliation does not rest on whether the employee actually asserts participation in a protected activity; rather, the theory applies so long as the employer believed that the employee was engaged in protected activity."). The court in *DeMedina* held that a wife could bring a retaliation claim for actions taken against her in response to protected activities engaged in by her husband exclusively. *See* 444 F. Supp. at 580–81. There, the plaintiff brought a claim under Title VII alleging that she applied for and was denied a number of positions within the United States Information Agency based on her husband's anti-discrimination activities. *See id.* at 574, 580.

Focusing on congressional intent, the court in *DeMedina* stated, "Congress unmistakably intended to ensure that no person would be deterred from exercising his rights under Title VII by the threat of discriminatory retaliation." *Id.* at 580. The court further stated that a strict reading of Title VII "would produce absurd and unjust results, for while plaintiff's husband might be in a position to seek injunctive relief to prohibit future reprisals against his spouse, he would certainly not be in a position to seek back pay and/or retroactive promotion based on his spouse's employment denial." *Id.*

Here, Plaintiff asserts that Defendant "knew that Plaintiff supported his wife's decision to participate in the sexual harassment lawsuit against the Agency Major Pettiford," Plaintiff's direct supervisor. Am. Compl. at ¶ 18. Plaintiff further alleges that Major Pettiford perceived Plaintiff as being a participant in the protected activity of his wife. *See*, *e.g.*, Am. Compl. at ¶ 19. Plaintiff has properly pleaded his Title VII retaliation

claim. As such, Defendant's Motion to Dismiss Count IV of Plaintiff's Amended Complaint should be denied.

### F. Plaintiff Has Properly Pleaded His Retaliation Claim Under DCHRA.

As described in the argument above relating to Plaintiff's Title VII retaliation claim, the allegations stated in Plaintiff's Amended Complaint are sufficiently pleaded to state a claim for retaliation under both Title VII and DCHRA. Defendants again mischaracterize the state of the law in citing to *Milstein v. Henske*, 722 A.2d 850 (D.C. 1999) in a failed effort provide support for an argument this jurisdiction does not recognize the theory of third-party reprisal under the DCHRA. Defendant's contention is, again, disingenuous at best.

> This case, as it turns out, does not require us to decide whether a properly limited version of the third-party reprisal theory is in keeping with our statute, because Millstein's claim represents an unprecedented expansion of the definition of "third-party." To our knowledge (based on Millstein's cited cases and our own research), no court accepting the extended reprisal doctrine has applied it to the bare relationship of co-employees.

*Milstein*, 722 A.2d at 854. Here, Plaintiff is *not* asserting the third-party reprisal theory on the bare relationship of co-employees. Plaintiff *is* asserting that Defendant retaliated against him on the basis of his wife's protected activity, which clearly falls outside of the *Milstein* holding. Plaintiff has properly pleaded his DCHRA retaliation claim. As such, Defendant's Motion to Dismiss Count V of Plaintiff's Amended Complaint should be denied.

## III. CONCLUSION

For the foregoing reasons, the District's Motion to Dismiss should be denied.

        Respectfully submitted,

*Donald M. Temple*
Donald M. Temple #408749
1310 L Street NW, Suite 750
Washington, DC 20005
Tel: (202) 628-1101
Fax: (202) 628-1149
dtemplelaw@gmail.com
*Attorney for Plaintiff*