**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| ROBERT MURPHY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 18-cv-1478 (JDB) |
| DISTRICT OF COLUMBIA, | ) ) ) | |
| Defendant. | ) ) ) | |

**REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS
THE AMENDED COMPLAINT IN PART**

Defendant District of Columbia (the District) respectfully submits this Reply in further support of its Motion to Dismiss the Amended Complaint in Part. The Court should dismiss Count I of the Amended Complaint in part and Counts II, IV, and V in their entirety. Plaintiff's arguments against dismissal do not show that Plaintiff has a claim for relief. *See* Plaintiff's Opposition to Defendant's Motion to Dismiss (Opp'n) [ECF 14]. Plaintiff also ignores the case law on which the District relies that preclude his claims. As Plaintiff fails to establish plausible claims for relief, the Court should grant the District's Motion.

**I.      Most of Plaintiff's ADA Claims Fail (Count I).**

Plaintiff argues that his ADA discrimination claim based on his June 22, 2015 request for FMLA leave—submitted two days before his termination—should not be dismissed because whether the D.C. Department of Corrections' (DOC) delay in responding to the request was unreasonable is a "contested factual issue." Opp'n at 4. To the contrary, as shown in the District's moving memorandum of points and authorities, a two-day delay is not sufficiently lengthy as a matter of law to constitute a refusal to make a reasonable accommodation. Def.'s

Mem. at 5 (citing *Marks v. Washington Wholesale Liquor Co. LLC*, 253 F. Supp. 3d 312, 325 (D.D.C. 2017)) (17-day delay in granting accommodation request was not a refusal to accommodate). Indeed, "[a] relatively short delay of a few weeks (or even a few months) in approving a request typically does not support [a failure to accommodate] claim." *Marks*, 253 F. Supp. 3d at 324. It would not have been reasonable for DOC to issue a decision on a FMLA leave request for an employee who was two days away from termination. Thus, the Court should dismiss Count I of the Amended Complaint in part.

Plaintiff argues that he exhausted his retaliation claim under the ADA. His rationale is that he checked the "Retaliation" box on his EEOC charge and wrote in the charge, "'I believe that I have been discriminated against in the terms, conditions, and privileges of employment based on my Disability, D.C. Family and Medical Leave Act and Retaliation for participating in a protected activity for the following reasons' immediately preceding [his] discussion of his disability and FMLA requests." Opp'n at 5. Plaintiff's argument that he exhausted his ADA retaliation claim is seriously flawed. As shown in the District's moving brief, nowhere in Plaintiff's EEOC charge does he discuss a retaliation claim based on DOC's alleged failure to provide a reasonable accommodation when it did not respond to Plaintiff's FMLA requests. Def.'s Mem. at 6; *see also* Def.'s Ex. 1 (EEOC Charge of Discrimination).[1] The charge cannot be reasonably read to include an ADA retaliation claim. "[T]he substance of an ADA claim . . . must fall within the scope of the administrative investigation that can reasonably be expected to follow the charge of discrimination." *Marshall v. Fed. Exp. Corp.*, 130 F.3d 1095, 1098 (D.C.

---

[1] Rather, the charge asserted a Title VII retaliation claim based on Plaintiff's wife's testimony at a deposition and alleged interference in violation of the DCFMLA based on DOC's failure to respond to Plaintiff's requests for FMLA leave. *See* Def.'s Ex. 1.

Cir. 1997). Plaintiff did not exhaust his ADA retaliation claim, and therefore the Court should dismiss this claim from Count I of the Amended Complaint.

## II.     Plaintiff's FMLA Claim is Time-Barred (Count II).

Plaintiff asserts that he has sufficiently alleged a willful violation of the FMLA, and that therefore he benefits from a three-year statute of limitations. Opp'n at 6-7. However, the factual allegations in the Amended Complaint – that DOC did not respond to Plaintiff's April 2015 and June 2015 requests for FMLA leave, submitted shortly before Plaintiff's termination in June 2015 – do not rise to the level of egregious conduct found to be willful in other cases. *See* Def.'s Mem. at 8 (citing cases). Rather, the facts alleged show nothing more than "merely negligent" conduct, which is insufficient to allege a willful violation and benefit from the three-year statute of limitations. *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988). Therefore, the Court should dismiss Count II of the Amended Complaint.

## III.    Plaintiff Fails to State a Retaliation Claim Under Title VII (Count IV).

Plaintiff fails to address the District's argument that a Title VII retaliation claim is only viable where the employer retaliated against the plaintiff because of actions taken by a fellow employee or an applicant for employment at the employer. *See* Opp'n at 8-10. The D.C. Circuit has unequivocally held that "[r]etaliation by an employer is unlawful *only if* that retaliation occurred because of actions by '*employees or applicants for employment*.'" *Howard R.L. Cook & Tommy Shaw Found. ex rel. Black Employees of Library of Cong., Inc. v. Billington*, 737 F.3d 767, 772 (D.C. Cir. 2013) (quoting 42 U.S.C. § 2000e–3(a)) (emphasis added). Here, Plaintiff's wife, the person who engaged in protected activity, was neither an employee nor an applicant for employment at DOC. Accordingly, Plaintiff's Title VII claim fails.

Plaintiff attempts to avoid dismissal by asserting a "perception theory" of retaliation. Opp'n at 9; *see Johnson v. Napolitano*, 686 F. Supp. 2d 32, 35-37 (D.D.C. 2010). But even if Plaintiff's supervisor perceived Plaintiff to have supported his wife's protected activity, *see* Am. Compl. ¶¶ 18-19, 38, Plaintiff's Title VII claim still fails because Plaintiff's wife was not an employee or applicant for employment. *See Billington*, 737 F.3d at 772.

In *Johnson v. Napolitano*, 686 F. Supp. 2d 32 (D.D.C. 2010), which recognized a "perception theory of retaliation," the plaintiff was married to a fellow Secret Service employee. 686 F. Supp. 2d at 33. Plaintiff's husband was a plaintiff in a class action alleging employment discrimination against the Secret Service. *Id.* Plaintiff was not a plaintiff in the class action case, but the U.S. Department of Homeland Security (DHS), of which the Secret Service is a subordinate agency, noticed her deposition in the case. *Id.* at 35. Based on DHS's decision to notice Plaintiff's deposition in the class action suit, the court held that the Secret Service could have perceived Plaintiff to have participated in her husband's protected activity and retaliated against her by denying her transfer based on that perception. *Id.* at 36. In this case, unlike in *Johnson*, Plaintiff's wife was not a co-employee at DOC. Thus, it is of no moment whether Plaintiff's supervisor, Major Pettiford, perceived Plaintiff to have participated in his wife's protected activity. Moreover, in *Johnson*, the plaintiff had also herself engaged in protected activity by complaining about racial discrimination, and therefore the court's discussion of a perception theory of retaliation "may be academic." *Id.* at 35. Plaintiff fails to state a Title VII claim, and accordingly, the Court should dismiss Count IV of the Amended Complaint.

**IV.**     **Plaintiff's DCHRA Retaliation Claim Should Be Dismissed in Its Entirety (Count V).**

In his opposition, Plaintiff clarifies that he "*is* asserting that Defendant retaliated against him on the basis of his wife's protected activity . . ." Opp'n at 10 (emphasis in original). Contrary to

Plaintiff's contention, his third-party reprisal theory fails under the D.C. Court of Appeals' holding in *Milstein v. Henske*, 722 A.2d 850 (D.C. 1999).  *See id.*  *Milstein* rejected a third-party reprisal theory that was premised on "the bare relationship of co-employees."  *Milstein*, 722 A.2d at 854.  Here, Plaintiff alleges even less than a "bare relationship of co-employees" because Plaintiff's wife was not an employee at DOC.  Nor was she an applicant for employment at DOC.  The third-party reprisal theory Plaintiff asserts only encompasses situations where either both the plaintiff and the third party who engaged in protected activity worked for the same employer or one of the two parties was an applicant for employment at the other's employer.  *See id.* at 855 n.10 (citing cases); *see also Billington*, 737 F.3d at 772 ("Retaliation by an employer is unlawful only if that retaliation occurred because of actions by 'employees or applicants for employment.'") (quoting 42 U.S.C. § 2000e–3(a)).  Because neither scenario exists in this case, the Court should dismiss Count V of the Amended Complaint in its entirety.

## CONCLUSION

For the foregoing reasons and for the reasons set forth in the District's moving memorandum of points and authorities, the Court should grant the District's Motion to Dismiss the Amended Complaint in Part and dismiss Count I in part and Counts II, IV, and V in their entirety with prejudice.

Date:   January 25, 2019				Respectfully Submitted,

						KARL A. RACINE
						Attorney General for the District of Columbia

						GEORGE C. VALENTINE
						Deputy Attorney General
						Civil Litigation Division

						*/s/ Alicia M. Cullen*
						ALICIA M. CULLEN [1015227]

5

Acting Chief, Civil Litigation Division Section III

/s/ *Christina Okereke*
CHRISTINA OKEREKE [219272]
Assistant Attorney General
441 Fourth Street, N.W.
Suite 630 South
Washington, D.C. 20001
(202) 727-5173 (Telephone)
(202) 715-7767 (Fax)
christina.okereke@dc.gov

*Counsel for Defendant District of Columbia*