UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT MURGHY, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 18-cv-1478 (JDB) |
| DISTRICT OF COLUMBIA, | ) |
| Defendant. | ) |

## ANSWER

Defendant District of Columbia (the District), by and through undersigned counsel, hereby answers the Amended Complaint. The District asserts that anything not specifically admitted herein is denied, and answers the Amended Complaint as follows:

### First Defense

The Amended Complaint fails to state a claim upon which relief can be granted.

### Second Defense

In response to the enumerated paragraphs in the Amended Complaint, the District responds as follows:

1. The District denies that any response is required to the allegations in this paragraph because the paragraph is introductory in nature. To the extent a response is required, the District acknowledges that Plaintiff states and alleges the allegations in the Amended Complaint that follow this paragraph.

### JURISDICTION AND VENUE

2. The District acknowledges that Plaintiff purports to bring this lawsuit under the statutes cited in this paragraph but denies any wrongdoing.

3.      The District acknowledges the statutes cited by Plaintiff in this paragraph but does not admit that subject matter jurisdiction is necessarily conveyed therefrom.  The District admits that events giving rise to this case took place in the District of Columbia.  To the extent that this paragraph contains other factual allegations, they are denied.

## PARTIES

4.      The District denies the allegations in the first sentence of this paragraph.  The District lacks sufficient knowledge or information to admit or deny the allegations in the second sentence of this paragraph. However, to the extent a response is required, the District denies the factual allegations in the second sentence of this paragraph.

5.      The District admits the allegations in this paragraph.

6.      The District denies that any response is required to this paragraph because it asserts legal conclusions.  To the extent a response is required, the allegations are denied.

## STATEMENT OF FACTS

7.      The District admits the factual allegations in this paragraph.

8.      The District lacks sufficient knowledge or information sufficient to admit or deny the factual allegations in this paragraph. However, to the extent a response is required, the District denies the factual allegations in this paragraph.

9.      The District lacks sufficient knowledge or information sufficient to admit or deny the factual allegations in this paragraph.

10.     The District denies the factual allegations in this paragraph.

11.     The District denies the factual allegations in this paragraph.

12.     The District denies the factual allegations in this paragraph.

13. The District admits that DOC is aware of its obligations under the federal and D.C. FMLA laws, and denies the other factual allegations in this paragraph.

14. The District lacks sufficient knowledge or information to admit or deny the factual allegations in this paragraph. However, to the extent a response is required, the District denies the factual allegations in this paragraph.

15. The District denies the factual allegations in this paragraph.

16. The District denies the factual allegations in this paragraph.

17. The District lacks sufficient knowledge or information to admit or deny the factual allegations in this paragraph. However, to the extent a response is required, the District denies the factual allegations in this paragraph.

18. The District admits that there was a lawsuit alleging improper conduct against Major Joseph Pettiford and lacks sufficient knowledge or information to admit or deny the other factual allegations in this paragraph.

19. The District denies the factual allegations in the first sentence of this paragraph. The District lacks sufficient knowledge or information to admit or deny the factual allegations in the second sentence of this paragraph.

20. The District admits the factual allegations in this paragraph.

21. The District lacks sufficient knowledge or information to admit or deny the allegations in this paragraph.

22. The District lacks sufficient knowledge or information to admit or deny the allegations in this paragraph. However, to the extent a response is required, the District denies the factual allegations in this paragraph.

## COUNT I
**(Violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.*)**

23. To the extent that Plaintiff incorporates the allegations set forth in paragraphs 1-22 of the Amended Complaint, the District repeats its responses to each paragraph accordingly.

24. The District denies that any response is required to this paragraph as it asserts legal conclusions. To the extent a response is required, the District denies the allegations.

25. The District denies the allegations in this paragraph.

26. The District denies the allegations in this paragraph.

27. The District denies the allegations in this paragraph.

28. The District denies the allegations in this paragraph.

## COUNT II
**(Violations of the Family Medical Leave Act of 1993, 29 U.S.C. § 2601, *et seq.*)**

29. To the extent that Plaintiff incorporates the allegations set forth in paragraphs 1-28 of the Amended Complaint, the District repeats its responses to each paragraph accordingly.

30. The District denies the allegations in this paragraph.

31. The District denies the allegations in this paragraph.

32. The District denies the allegations in this paragraph.

## COUNT III
**(Violations of the D.C. Family Medical Leave Act, D.C. Code § 32–501, *et seq.*)**

33. To the extent that Plaintiff incorporates the allegations set forth in paragraphs 1-32 of the Amended Complaint, the District repeats its responses to each paragraph accordingly.

34. The District denies the allegations in this paragraph.

35. The District denies the allegations in this paragraph.

36. The District denies the allegations in this paragraph.

## COUNT IV
### (Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*)

37. To the extent that Plaintiff incorporates the allegations set forth in paragraphs 1-36 of the Amended Complaint, the District repeats its responses to each paragraph accordingly.

38. The District denies the allegations in the first sentence of this paragraph. The District lacks sufficient knowledge or information to admit or deny the allegations in the second sentence of this paragraph. However, to the extent a response is required, the District denies the factual allegations in the second sentence of this paragraph.

39. The District denies the allegations in this paragraph.

40. The District denies the allegations in this paragraph.

41. The District denies the allegations in this paragraph.

## COUNT V
### (Violation of the D.C. Human Rights Act of 1977, D.C. Code § 2–1401.01, *et seq.*)

42. To the extent that Plaintiff incorporates the allegations set forth in paragraphs 1-41 of the Amended Complaint, the District repeats its responses to each paragraph accordingly.

43. The District denies the allegations in the first sentence of this paragraph. The District lacks sufficient knowledge or information to admit or deny the allegations in the second sentence of this paragraph. However, to the extent a response is required, the District denies the factual allegations in the second sentence of this paragraph.

44. The District denies the allegations in this paragraph.

45. The District denies the allegations in this paragraph.

46. The District denies the allegations in this paragraph.

## PRAYER FOR RELIEF

The District denies that Plaintiff is entitled to the relief requested in this paragraph or any other relief.

## JURY DEMAND

The District hereby demands a trial by jury.

## Third Defense

The District denies that it is liable for the incident and injuries alleged in the Amended Complaint and further denies that Plaintiff is entitled to any relief.

## Fourth Defense

Plaintiff may have failed to exhaust his administrative remedies and may have failed to comply with other mandatory filing requirements.

## Fifth Defense

Plaintiff's claims may be barred by the applicable statute of limitations.

## Sixth Defense

At all times relevant herein, the District, its employees, agents and servants acting within the course and scope of their employment performed their obligations, if any, toward Plaintiff in accordance with all applicable regulatory, statutory, constitutional, and common law requirements.

## Seventh Defense

Plaintiff may have failed to mitigate his damages.

## Eighth Defense

This action may be barred by the doctrines of collateral estoppel and *res judicata*.

### Ninth Defense

All actions taken by the District, its employees, agents and servants acting within the course and scope of their employment relating to Plaintiff were necessary, reasonable, pursuant to lawful authority, and based on legitimate, non-discriminatory reasons.

### Tenth Defense

Plaintiff would have been subjected to the alleged employment actions even if he had not engaged in protected activity.

### Eleventh Defense

If Plaintiff was damaged as alleged in the Amended Complaint, said damages were not proximately caused by this District.

### Twelfth Defense

If an impermissible factor was used in taking an employment action against Plaintiff, the District would have taken the same employment action as was taken against Plaintiff in the absence of the use of the impermissible factor.

### Thirteenth Defense

Plaintiff is not entitled to any equitable relief from this Court because of his own actions or lack thereof.

### Fourteenth Defense

Any EEOC and/or OHR charges Plaintiff may have filed may not have been filed in a timely fashion.

### Fifteenth Defense

The District reserves the right to amend this Answer to the Amended Complaint and to raise any additional defenses which the evidence in discovery may reveal.

**Set Off**

The District is entitled to a set off for any funds paid to Plaintiff from public sources.

**Jury Demand**

The District hereby demands a trial by jury.

Dated: August 14, 2019                                   Respectfully submitted,

                                                        KARL A. RACINE
                                                        Attorney General for the District of Columbia

                                                        CHAD COPELAND
                                                        Deputy Attorney General
                                                        Civil Litigation Division

                                                        /s/ *Christina Okereke*
                                                        CHRISTINA OKEREKE [219272]
                                                        Assistant Attorney General
                                                        441 Fourth Street, N.W.
                                                        Suite 630 South
                                                        Washington, D.C. 20001
                                                        (202) 727-5173 (Telephone)
                                                        (202) 715-7767 (Fax)
                                                        christina.okereke@dc.gov

                                                        *Counsel for Defendant*