# E X H I B I T

# 1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

LISA BROKENBOROUGH
9412 Firtree Park St.
Capitol Heights, MD 20743

ZENAIDA MASSEY
3900 Wheeler Rd. SE
Washington, DC 20032

MICHELLE MURRAY
2010 Bruce Pl. SE
Washington, DC 20020

BEVERLY RICHARDSON
4413 Arnold Rd., #103
Suitland, MD 20746

CHARNITA THOMAS
503 Treehouse Ct.
Fort Washington, MD 20744

*and*

JOYCE WEBB-BRIDGES
5746 East Bonniwood Turn
Clinton, MD 20735

     *Plaintiffs*

     vs.

The DISTRICT OF COLUMBIA
441 4th Street, NW
Washington, DC 20001

THOMAS N. FAUST
Director, District of Columbia
Department of Corrections
2000 14th Street NW
Washington, DC 20009

*and*

Case No.: 1:13-cv-1757

**JURY TRIAL DEMANDED**

JOSEPH PETTIFORD
District of Columbia Department of
  Corrections
2000 14th Street NW
Washington, DC 20009

  *Defendants.*

## COMPLAINT

This is a lawsuit to remedy the shocking, outrageous, and rampant practice of sexual harassment, retaliation, and related abuses at the District of Columbia Department of Corrections ("DOC"). Female employees are regularly confronted with the kind of sexual obscenities and lewd gestures that hearken back to the workplace of the 1950s. Male supervisors openly leer at, demand sex from, and expose themselves to female employees. Women who do not acquiesce suffer retaliation: they are passed over for promotions, switched to dangerous or undesirable posts, or subjected to unusually harsh discipline, including termination. Women brave enough to stand up to the humiliation and abuse face a hostile, confusing, and futile complaint process that thwarts their efforts to secure relief at every turn.

For decades, the DOC has been on notice of the egregious harassment that takes place within its walls, yet it has not rectified the wrongs suffered by its female employees. Instead, it has tolerated, condoned, supported, and rewarded those who engage in sexual harassment of the worst sort. This lawsuit seeks to ensure that female employees at the DOC can perform their duties with dignity, free from fear and humiliation, by achieving what individual women and lawsuits have thus far been unable to achieve: the end of sexual harassment at the DOC.

## I.  NATURE OF THE ACTION

1.  Plaintiffs file this action pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983 ("§ 1983"), Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et*

2

*seq.*, and the District of Columbia Human Rights Act ("DCHRA"), D.C. Code § 2-1402.01 *et seq.* for redress of injuries suffered due to a long-standing and pervasive practice of sex discrimination, sexual harassment, and the creation of a hostile work environment committed by the DOC, Thomas Faust, and Joseph Pettiford ("Defendants") against Lisa Brokenborough, Zenaida Massey, Michelle Murray, Beverly Richardson, Charnita Thomas, and Joyce Webb-Bridges ("Plaintiffs") and other female employees of the DOC. Moreover, Defendants regularly retaliate against employees who oppose or report such unlawful employment practices and have displayed deliberate indifference to employees' complaints of harassment by insufficiently investigating their claims and by protecting and promoting individuals who perpetrate such harassment. These violations are systemic in nature, constituting a custom or policy of harassment and retaliation that has occurred for decades and continues to the present day. Accordingly, Plaintiffs seek declaratory, equitable, and monetary relief.

## II.    JURISDICTION AND VENUE

2.    This Court has subject matter jurisdiction over Counts I-V because they arise under the United States Constitution and federal statutes pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction over Counts VI-VIII pursuant to 28 U.S.C. § 1367 because those claims arise from a common set of operative facts and are so related to the claims in the action within the original jurisdiction of the Court that they form part of the same case or controversy. Jurisdiction to grant a declaratory judgment is conferred by 28 U.S.C. §§ 2201-02.

3.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), because all of the events or omissions giving rise to Plaintiffs' claims occurred in the District of Columbia.

## III.   PARTIES

4.     Plaintiff Lisa Brokenborough is a female corrections officer at the DOC and resides in Maryland. Ms. Brokenborough has been a DOC employee since 1985, with a break in service from 1997-2007.

5.     Plaintiff Zenaida Massey is a female former corrections officer at the DOC and resides in the District of Columbia. She was a DOC employee between February 2008 and December 2012.

6.     Plaintiff Michelle Murray is a female corrections officer at the DOC and resides in the District of Columbia. She has been a DOC employee since June 30, 2008.

7.     Plaintiff Beverly Richardson is a female corrections officer at the DOC and resides in Maryland. She has been a DOC employee since September 21, 2009.

8.     Plaintiff Charnita Thomas is a female corrections officer at the DOC and resides in Maryland. She has been a DOC employee since November 13, 2006.

9.     Plaintiff Joyce Webb-Bridges is a female corrections officer at the DOC and resides in Maryland. Ms. Webb-Bridges has been a DOC employee since November 2, 1981, with a break in service from October 2000 through January 2006.

10.     Defendant, the District of Columbia ("D.C."), is a municipal corporation. The District of Columbia is liable under 42 U.S.C. § 1983 because a custom or policy of the municipality caused the violations of Plaintiffs' constitutional rights. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978).

11.     Defendant Thomas Faust is the current Director of the DOC, an agency of the District of Columbia. *See* D.C. Code §§ 24-211.01-211.02. The DOC operates the Central Detention Facility (the "D.C. Jail") and contracts with private entities to operate the Correctional Treatment Facility and four halfway houses. The DOC employs approximately 900 persons,

4

several hundred of whom are female. Defendant Faust oversees all operations of the DOC. He is responsible for the policies and practices of the DOC. Upon information and belief, Defendant Faust was aware of sexual harassment and retaliation at the DOC, and knowingly failed to act to stop the abuse. Defendant Faust is sued in his individual capacity. During all times mentioned in this Complaint, Defendant Faust acted under color of District of Columbia law.

12.      Defendant Joseph Pettiford is a Major and former Deputy Warden at the DOC. Defendant Pettiford became an employee of the DOC in October 1994. Defendant Pettiford personally participated in many of the acts complained of in this litigation. He was promoted to Deputy Warden in March of 2013, and assumed the position of Major again in or around September or October of 2013. Upon information and belief, as both Major and Deputy Warden, he has served as part of the DOC's senior management, with responsibilities that include managing personnel, assignments, discipline, and terminations; preparing and implementing directives; and managing programming and discipline of the inmate population. He also influenced hiring decisions. He is sued in his individual capacity. During all times mentioned in this Complaint, Defendant Pettiford acted under color of District of Columbia law.

## IV.      FACTUAL ALLEGATIONS

### A.      History of Sexual Harassment and Retaliation at the DOC

13.      The DOC has a long and sordid history of engaging in, permitting, and condoning sexual harassment against female employees, and retaliating against individuals who oppose or report of harassment.

14.      As far back as 1979, this Court made an express finding of fact that making improper sexual advances to female employees at the DOC was "standard operating procedure, a fact of life, a normal condition of employment." *See Bundy v. Jackson*, 641 F.2d 934, 939 (D.C. Cir. 1981).

5

further caused her to isolate herself from other DOC staff. She has been forced to seek counseling as a result of her stress.

136. Ms. Richardson completed an intake interview at DCOHR on October 1, 2013. Her charge was perfected and cross-filed with the EEOC on October 10, 2013. She withdrew her DCOHR charge on November 6, 2013, so that she may pursue her rights under the D.C. Human Rights Act. However, Ms. Richardson continues to pursue her administrative remedies with the EEOC. Once she has exhausted the administrative process, Plaintiffs intend to amend this Complaint to add Title VII claims.

### C. Pervasiveness of Sexual Harassment and Retaliation at the DOC

137. Far from being isolated incidents, the accounts of multiple witnesses demonstrate that Plaintiffs' experiences are part of a longstanding and continuing pattern and practice of implicit and explicit *quid pro quo* sexual harassment against female DOC employees, a sexually hostile work environment, and retaliation against employees (both male and female) who resist or oppose the harassment.

Female Witness #1: Ja'net Sheen

138. Defendant Pettiford harassed former corrections officer Ja'net Sheen from late 2007 to approximately April 2009, when she was assigned to the DOC Command Center, where Defendant Pettiford was stationed. Defendant Pettiford would proposition Ms. Sheen approximately eight times per shift, making comments such as "I don't care if you think you're better than everyone else, but you're going to give me some," or "It's just a matter of time. You're going to give me some."

139. Almost immediately after the harassment began, Ms. Sheen requested to transfer to a different post. Defendant Pettiford responded that he did not care what she felt or said,

29

because she was going to remain at her post. He remarked, "Eventually, you're going to break down."

140.    When Defendant Pettiford's campaign of sexual harassment intensified in 2008, Ms. Sheen reported the harassment to then-Deputy Warden Orlando Harper. Mr. Harper said he would look into the problem, but he never followed up. Ms. Sheen was never contacted by an investigator.

141.    In addition to ignoring her complaint, Defendants began retaliating against Ms. Sheen in several ways. Shortly after she reported the harassment, Ms. Sheen's fiancée, also a DOC employee, received an unfavorable post change.

142.    After Ms. Sheen resigned and reapplied to the DOC, her application was rejected although she completed her physical exam and passed all the requisite exams. Ms. Sheen was informed that she had been disqualified due to the results of her background check, even though she does not have a criminal record. When Ms. Sheen contacted Mr. Harper to inquire, Mr. Harper told her, "If you had taken care of the right people and done the right things, maybe you would have been back."

143.    Ja'net Sheen also suffered sexual harassment from another supervisor, a Lieutenant, from approximately December 2006 until sometime in 2007. The Lieutenant offered favorable post positions and shifts if she would engage in sexual relations with him. As often as once per week, when he passed her in the hallway, or ran into her at the command center or outside the jail, the Lieutenant would make statements such as, "If you do the right thing, all you have to do is say the right word, and you could get whatever you wanted," or "I could do a lot of things for you." He would also offer to let her pick her post and shift.

144.    Ms. Sheen rejected the Lieutenant's sexual advances but never reported the harassment for fear of losing her job.

Female Witness #2: Deborah Moton

145.    Deborah Moton, a female Corporal who has worked for the DOC since 1990 (with an eight-year break in service), was sexually harassed by her supervisor, a Lieutenant, in June 2010. When Ms. Moton was faxing paperwork in an office, the Lieutenant came into the room and started rubbing himself against her from the back.

146.    Ms. Moton pushed him away and told him to stop. The Lieutenant responded that he knew she liked it. She again told him to stop and then pushed him to the side so that she could leave the office.

147.    Ms. Moton did not complain of the sexual harassment to which she had been subjected because she believed that higher ranking officials look out for each other and that complaining would be futile.

148.    According to Ms. Moton, the DOC training on sexual harassment is woefully deficient. Indeed, a recent DOC training on sexual harassment in January 2013 consisted only of giving employees a DVD, securing employee signatures to acknowledge receipt, and telling them to watch it on their own time, even though not everyone has personal access to computers or DVD players.

Female Witness #3: Kelli Dunn

149.    Kelli Dunn, a female corrections officer, was consistently harassed by Defendant Pettiford from September 2009 until March 2010.

150.    For a time during this seven-month period, Defendant Pettiford made sexual comments to her approximately two or three times per week, including requests for kisses,

31

# EXHIBIT 2

| | DISTRICT OF COLUMBIA DEPARTMENT OF CORRECTIONS **POLICY AND PROCEDURE** | **EFFECTIVE DATE:** | July 21, 2017 | **Page 1 of 15** |
|---|---|---|---|---|
| | | **SUPERSEDES:** | 3310.4I July 29, 2013 | |
| | | **OPI:** | HUMAN RESOURCE | |
| | | **REVIEW DATE:** | July 21, 2018 | |
| | | **Approving Authority** | Quincy L. Booth Director | |
| | **SUBJECT:** | SEXUAL HARASSMENT AGAINST EMPLOYEES | | |
| | **NUMBER:** | 3310.4J | | |
| | **Attachments:** | Attachment A - B | | |

**SUMMARY OF CHANGES:**

| Section | Change |
|---|---|
| Revisions | *Major changes throughout the policy.* |
| | |
| | |

**APPROVED:**


_____                    _____9/21/2017_____
**Quincy L. Booth, Director**                          **Date Signed**

| DISTRICT OF COLUMBIA<br>DEPARTMENT OF CORRECTIONS | EFFECTIVE DATE: | July 21, 2017 | Page 2 of 15 |
| | SUPERSEDES: | 3310.4I<br>July 29, 2013 | |
| **POLICY AND PROCEDURE** | REVIEW DATE: | July 21, 2018 | |
| SUBJECT: | SEXUAL HARASSMENT AGAINST EMPLOYEES | | |
| NUMBER: | 3310.4J | | |
| Attachments: | Attachment A - B | | |

1. **PURPOSE AND SCOPE**: To implement procedures for prevention, reporting, investigating, and disciplining staff in regards to claims of sexual harassment and/or retaliation for reporting sexual harassment within the District of Columbia Department of Corrections (DOC). This directive applies to employees, contract employees and volunteers under the direction or control of the DC DOC

2. **POLICY.** DOC has a zero tolerance policy for sexual harassment as well as retaliation for objecting to, or reporting incidents of, sexual harassment.

3. **NOTICE OF NONDISCRIMINATION.** In accordance with the DC Human Rights Act of 1977, as amended, D.C. Official Code section §§ 2-1401.01 *et seq.*, (hereinafter, "the Act"), the District of Columbia does not discriminate on the basis of race, color, religion, national origin, sex, age, marital status, personal appearance, sexual orientation, gender identity or expression, familial status, family responsibilities, matriculation, political affiliation, genetic information, disability, source of income, status as a victim of an intrafamily offense, or place of residence or business. Sexual harassment is a form of sex discrimination, which is also prohibited by the Act. Discrimination in violation of the Act will not be tolerated. Violators will be subject to disciplinary action.

4. **POLICY OBJECTIVES.** The expected result of this policy is:

   a.   DOC employees will have a clear understanding of what constitutes sexual harassment and retaliation, what the penalties are for engaging in such conduct, what the proper procedures are for reporting incidents of sexual harassment and related retaliation, and how such incidents are investigated within the DOC.

5. **DIRECTIVES AFFECTED**

   a.   **Directives Rescinded**

      1)   PP 3310.4I  Sexual Harassment Against Employees  (7/29/13)

   b.   **Directives Referenced.** None

| DISTRICT OF COLUMBIA<br>DEPARTMENT OF CORRECTIONS | EFFECTIVE DATE: | July 21, 2017 | Page 3 of 15 |
|---|---|---|---|
| **POLICY AND PROCEDURE** | SUPERSEDES: | 3310.4I<br>July 29, 2013 | |
| | REVIEW DATE: | July 21, 2018 | |
| SUBJECT: | SEXUAL HARASSMENT AGAINST EMPLOYEES | | |
| NUMBER: | 3310.4J | | |
| Attachments: | Attachment A - B | | |

## 6. AUTHORITY

a. Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2.

b. D.C Municipal Regulations Title 4, Human Rights and Relations

c. Mayor's Order 2004-171, "Sexual Harassment", dated 10/20/04.

d. DC Human Rights Act of 1977, as amended, DC Code §§ 2-1401.01 et seq.

e. D.C. Code § 2-1402.11, Prohibitions

f. Working Conditions Collective Bargaining Agreement Between District of Columbia Government Department of Corrections And Fraternal Order of Police – Department of Corrections Labor Committee (Effective FY 2016 – 2019).

## 7. STANDARDS REFERENCED

a. American Correctional Association (ACA) 4th Edition Standards for Adult Local Detention Facilities 4-ALDF-7C-03.

## 8. DEFINITIONS. For the purpose of this PP, the following definitions apply:

a. **Adverse Employment Action** - any negative change in the terms and conditions of an employee's employment. It can include such things as transfers, shift changes, negative performance evaluations, unwarranted discipline, harassment or denial of promotion or shift requests. It also can include the creation of a hostile work environment because the employee engaged in a legally protected activity related to a claim of sexual harassment.

b. **Complainant** - An employee who alleges he or she is the victim of sexual harassment and/or retaliation via the filing of a sexual harassment and/or retaliation complaint.

c. **DOC OFFICE OF EEO AND DIVERSITY MANAGEMENT.** The Office of EEO and Diversity Management (EEO/DM) acts as the investigating body and disciplining authority in cases of employee, volunteer and contractor sexual harassment or related retaliation at the DOC.

| DISTRICT OF COLUMBIA DEPARTMENT OF CORRECTIONS | | **EFFECTIVE DATE:** | July 21, 2017 | **Page 4 of 15** |
|---|---|---|---|---|
| **POLICY AND PROCEDURE** | | **SUPERSEDES:** | 3310.4I July 29, 2013 | |
| | | **REVIEW DATE:** | July 21, 2018 | |
| **SUBJECT:** | SEXUAL HARASSMENT AGAINST EMPLOYEES | | | |
| **NUMBER:** | 3310.4J | | | |
| **Attachments:** | Attachment  A - B | | | |

d.   **Disciplinary Action/Discipline** - Action taken against employees who have violated DOC policy, rules or regulations established by the District Personnel Manual (DPM), or any District of Columbia law or regulation.

e.   **Equal Opportunity Specialists**– Persons who are assigned by the  EEO Offices to conduct inquiries into allegations of violations of law, regulation or DOC policy.

f.   **Formal Complaint** – A written complaint filed at the D.C. Office of Human Rights, U.S. Equal Employment Opportunity Commission, or a court of competent jurisdiction.

g.   **Informal Complaint**: A matter of alleged sexual harassment and/or related retaliation which an aggrieved person files either verbally or in writing within the DOC.

h.   **Legally Protected Activity** - resisting, opposing or reporting sexual harassment, making oral or written complaints about sexual harassment, or testifying in, assisting in, or otherwise participating in the investigation of a sexual harassment complaint. Such activities are protected regardless of whether or not the conduct complained of is ultimately proven to have constituted sexual harassment.

i.   **Notice of Complaint and Allegations** - a letter notifying an employee, contractor or volunteer that they are being investigated for an allegation of sexual harassment or related retaliation. The letter prohibits unnecessary contact between the complainant and respondent while the allegation of harassment or retaliation is investigated.  However, to ensure the continued efficient operation of the agency, it does not always prohibit interaction between the complainant and the respondent as may be required to carry out their' respective duties and responsibilities.

j.   **Respondent** - The employee who is accused of sexual harassment and/or retaliation.

k.   **Retaliation** – For purposes of this Policy and Procedure, retaliation is defined as taking, or threatening to take, an adverse action affecting an employee's work environment or employment status, because that employee has engaged in the legally protected activity of reporting sexual harassment.

| DISTRICT OF COLUMBIA DEPARTMENT OF CORRECTIONS | | EFFECTIVE DATE: | July 21, 2017 | Page 5 of 15 |
|---|---|---|---|---|
| **POLICY AND PROCEDURE** | | SUPERSEDES: | 3310.4I July 29, 2013 | |
| | | REVIEW DATE: | July 21, 2018 | |
| **SUBJECT:** | SEXUAL HARASSMENT AGAINST EMPLOYEES | | | |
| **NUMBER:** | 3310.4J | | | |
| **Attachments:** | Attachment  A - B | | | |

I. **Sexual Harassment** - Sexual harassment is defined as repeated and unwelcome sexual advances, requests for sexual favors, or verbal comments, gestures, or actions of a derogatory or offensive sexual nature by an employee, contractor or volunteer to another. This includes demeaning references to gender, sexually suggestive or derogatory comments about body or clothing, or obscene language or gestures. Simple teasing, offhand comments, or isolated incidents that are not very serious are not considered sexual harassment but may still be violations of other DOC policies or the Code of Ethics and Conduct. Policy prohibits sexual harassment when:

1) Submission to such conduct is made a term or condition of employment, e.g., placement on, or relocation from, a particular shift or housing unit, either explicitly or implicitly;

2) Submission to or rejection of such conduct by an employee is used as the basis for employment decisions affecting such employee;

3) Such conduct has the purpose or effect of unreasonably interfering with an employee's work performance; or

4) Such conduct affects work conditions or creates an intimidating, hostile, or offensive working environment.

The following lists contained in L and M below include examples of verbal and physical sexual conduct.

m. **Verbal Behavior**

1) Making suggestive or sexual comments about another person's or one's own anatomy, figure, appearance, clothing.

2) Making suggestive sounds, for example, kissing, sucking, groaning, howling or other simulated sex noises;

3) Asking personal questions about a person's sex life, sexual preferences, habits or history;

4) Subjecting another employee to information about your own sex life, sexual preferences, habits or history;

| DISTRICT OF COLUMBIA DEPARTMENT OF CORRECTIONS | EFFECTIVE DATE: | July 21, 2017 | Page 6 of 15 |
|---|---|---|---|
| **POLICY AND PROCEDURE** | SUPERSEDES: | 3310.4I July 29, 2013 | |
| | REVIEW DATE: | July 21, 2018 | |

| SUBJECT: | SEXUAL HARASSMENT AGAINST EMPLOYEES |
|---|---|
| NUMBER: | 3310.4J |
| Attachments: | Attachment A - B |

5) Describing sexually explicit or pornographic acts, films, dreams, or fantasies;

6) Requesting or demanding sex from another employee who has made it clear that he or she is not interested;

7) Turning work discussions to sexual topics;

8) Sexually offensive or sexist comments or off-color language, jokes, or innuendo that a reasonable person would consider to be of a sexual nature, or belittling or demeaning to an individual or a group's sexuality or gender;

9) Referring to employees or other persons in sexist or sexual terms;

10) Repeatedly contacting an employee at work or home or initiating contact outside of the workplace about non-work related matters when the employee has made it clear that she or he has no interest in such non-work related contact;

n. **Non-Verbal or Physical Behavior**

1) Looking a person up and down, fixing eyes on sexual parts of anatomy;

2) Giving unwanted gifts, letters, notes;

3) Making suggestive facial gestures, such as winking, wagging the tongue, throwing kisses, whistling, licking lips;

4) Simulating sex acts;

5) Workplace sexual comments, conduct, displays, and suggestions between two willing parties that would cause a reasonable third party to be offended;

6) Displaying or disseminating sexually explicit or sexually suggestive pictures, images, objects, books, magazines, music, cartoons, or computer internet sites or references;

7) Transmitting sexually explicit, profane, obscene, intimidating, defamatory or otherwise unlawful or inappropriate material in the office, via e-mail, or downloading such materials from the Internet;

| DISTRICT OF COLUMBIA DEPARTMENT OF CORRECTIONS | EFFECTIVE DATE: | July 21, 2017 | Page 7 of 15 |
| | SUPERSEDES: | 3310.4I July 29, 2013 | |
| **POLICY AND PROCEDURE** | REVIEW DATE: | July 21, 2018 | |

| SUBJECT: | SEXUAL HARASSMENT AGAINST EMPLOYEES |
| NUMBER: | 3310.4J |
| Attachments: | Attachment A - B |

8) Giving a person a massage around the neck or shoulders, hugging, kissing, patting, or stroking a person;

9) Touching or rubbing oneself sexually in view of another person;

10) Pulling another person's clothing off or up, or sticking a hand down another person's clothes, or undressing in front of or exposing oneself to another person;

11) Unnecessary and inappropriate touching or physical contact, *e.g.*, brushing against a colleague's body, touching or brushing a colleague's hair or clothing, groping, and pinching, that a reasonable person would consider to be of a sexual nature;

12) Forcing another person to engage in activities such as dancing, drinking alcohol or coming to one's hotel room uninvited while on travel status; or

13) Putting sexually suggestive objects in a person's desk, locker or workspace.

o.    **Substantiated** – An allegation was investigated and determined to have occurred.

p.    **Unfounded** – An allegation was investigated and determined not to have occurred.

q.    **Unsubstantiated** – An allegation was investigated and the investigation produced insufficient evidence to make a final determination as to whether or not the event occurred.

## 9.   GENERAL PROHIBITION AGAINST SEXUAL HARASSMENT AND RETALIATION

a.    Each DOC employee is prohibited from engaging in sexual harassment or inappropriate sexual conduct and is required to report sexual harassment or sexual conduct when experienced or observed consistent with the procedures set forth in this policy. Each employee is protected from retaliation for complaining about or witnessing sexual harassment or sexual conduct, as defined above, against themselves or another employee.

b.    Sexual/intimate relationships between employees and supervisors in the employee's chain of command are strongly discouraged. The existence of a

| DISTRICT OF COLUMBIA<br>DEPARTMENT OF CORRECTIONS | EFFECTIVE DATE: | July 21, 2017 | Page 8 of 15 |
| | SUPERSEDES: | 3310.4I<br>July 29, 2013 | |
| POLICY AND PROCEDURE | REVIEW DATE: | July 21, 2018 | |

| SUBJECT: | SEXUAL HARASSMENT AGAINST EMPLOYEES |
| NUMBER: | 3310.4J |
| Attachments: | Attachment A - B |

sexual/intimate relationship between an employee and a supervisor will be a factor in any proceeding in which the relationship is alleged to have contributed to a hostile work environment and/or adversely affected the terms and conditions of employment. If legal action is commenced against the District of Columbia and/or a supervisor who engaged in a sexual/intimate relationship with an employee, the existence of the relationship will be a factor in the District of Columbia's decision to provide legal representation to the supervisor.

c.   Any supervisor who receives a verbal or written report alleging sexual harassment or inappropriate sexual conduct must immediately make written notification to their supervisor the EEO Manager of the EEO/DM Office

## 10.   PREVENTION

a.   The DOC Office of Policy and Procedure (OPP) implements policies and procedures, consistent with federal and District of Columbia law, as necessary to carry out DOC's responsibilities relating to claims of sexual harassment and/or retaliation and to ensure their zero tolerance culture is supported by enforceable policy.

b.   The DOC Training Administrator designs and makes available training programs that new employees must attend promptly upon hire, and that current employees must attend at least annually that relate to sexual harassment and related retaliation.

c.   The DOC Training Administrator will maintain records of employees who receive sexual harassment/retaliation training.

d.   In addition, posters and other forms of communication about the DOC's zero tolerance policy for sexual harassment and related retaliation will be made available to all persons working within the DOC and this policy shall be disseminated at all required sexual harassment trainings and signed for by all employees.

## 11. PROCEDURES FOR FILING A COMPLAINT

a.   *Hotline*

Employees may contact the Sexual Harassment of Employees hotline to report allegations of sexual harassment/retaliation or to receive information on procedures for pursuing a complaint. The hotline telephone number is (202) 671-2054.

| DISTRICT OF COLUMBIA<br>DEPARTMENT OF CORRECTIONS<br><br>POLICY AND PROCEDURE | EFFECTIVE DATE: | July 21, 2017 | Page 9 of 15 |
|---|---|---|---|
| | SUPERSEDES: | 3310.4I<br>July 29, 2013 | |
| | REVIEW DATE: | July 21, 2018 | |
| SUBJECT: | SEXUAL HARASSMENT AGAINST EMPLOYEES | | |
| NUMBER: | 3310.4J | | |
| Attachments: | Attachment A - B | | |

b. **Report to any DOC Supervisor or to the EEO/DM Investigator and/or EEO Manager**

   1) Employees, volunteers, and contractors may report allegations to any DOC supervisor or may report verbally or in writing to the EEO/DM investigator or EEO Manager. Any DOC supervisor who receives an oral complaint of sexual harassment and/or retaliation must put the complaint in writing immediately and submit the complaint to the EEO/DM Office. Failure to do so will result in disciplinary action against the supervisor.

c. **Report to the Warden or Deputy Warden's Office**

   1) Employees, volunteers or contractors may report verbally or in writing directly to the Warden or Deputy Warden any sexual harassment or related retaliation, which will be immediately forwarded to the EEO/DM Office.

   2) Complaints may be submitted either by employees and/or their representatives who believe they have experienced harassment and/or related retaliation, or by witnesses of such conduct.

d. **Time Limits**

   1) An employee must initiate the complaint process with the EEO/DM Office within one year of the incident or behavior being complained of, or in the case of ongoing or continuing behavior, within one year of the most recent incident.

e. **Notice of Complaint and Allegations**

   1) The EEO/DM Office, upon receiving allegations of sexual harassment, shall notify the complainant and respondent in writing that a case is open and being investigated. Notice shall also be made to the Warden and the supervisor of the open investigation (See Attachment A – Notice of Complaint and Allegation). Once the investigation is complete, notice of the finding shall be sent to the complainant and respondent within 10 business days of the completion date (See Attachment B – Notice of Case Completion and Result).

   2) Any employee who is found to have engaged in such behavior will be subject to discipline that, according to the severity of the offense, may include termination.

| DISTRICT OF COLUMBIA<br>DEPARTMENT OF CORRECTIONS<br><br>POLICY AND PROCEDURE | EFFECTIVE DATE: | July 21, 2017 | Page 10 of 15 |
|---|---|---|---|
| | SUPERSEDES: | 3310.4I<br>July 29, 2013 | |
| | REVIEW DATE: | July 21, 2018 | |
| SUBJECT: | SEXUAL HARASSMENT AGAINST EMPLOYEES | | |
| NUMBER: | 3310.4J | | |
| Attachments: | Attachment A - B | | |

3) Consistent with all applicable personnel laws and regulations regarding employee discipline, any corrective or adverse action against an employee for sexual harassment or retaliation will be placed in the employee's official personnel file, and will be considered a significant negative factor in DOC performance evaluations, promotion decisions and consideration for reemployment as set forth in DPM Chapter 8.

4) All current District government employees, and particularly DOC employees, are required to cooperate fully and promptly with requests by Investigators to provide interviews and other information. Any employee who, on the direct request of DOC, declines to participate in a sexual harassment investigation, may be subject to disciplinary action. If the employee is the alleged victim of sexual harassment the DOC General Counsel shall be consulted.

5) If an employee who alleges, or is alleged, or believed to be or to have been the victim of sexual harassment, declines to assist and/or participate in the investigation of the allegation, DOC may unilaterally initiate and conduct an investigation. DOC investigating staff shall require such an employee to put in writing his or her decision to decline assistance and participation in the investigation.

6) Failure of employees to attend interviews as scheduled by Investigators, and to cooperate in investigations, or failure of DOC supervisors to arrange for employee attendance, will subject the employee or supervisor to discipline. In addition, the EEO/DM may dismiss the complaint of any Complainant who does not cooperate with the investigation or who cannot be reached because they have not notified the DOC of their address or telephone number changes.

6) Upon reasonable notice, administrative leave must be submitted to the immediate supervisor. Time spent at interviews will be credited; if the interview is not scheduled for a time on the employee's regular shift.

7) Complainants and union representatives will be permitted reasonable use of official time for preparation and presentation of the complaint or to attend meetings with the EEO/DM Investigator and to attend hearings on the matter.

8) Each employee against whom an adverse action has been proposed will

| DISTRICT OF COLUMBIA<br>DEPARTMENT OF CORRECTIONS | EFFECTIVE DATE: | July 21, 2017 | Page 11 of 15 |
|---|---|---|---|
| | SUPERSEDES: | 3310.4I<br>July 29, 2013 | |
| **POLICY AND PROCEDURE** | REVIEW DATE: | July 21, 2018 | |

| SUBJECT: | SEXUAL HARASSMENT AGAINST EMPLOYEES |
|---|---|
| NUMBER: | 3310.4J |
| Attachments: | Attachment A - B |

be entitled to a reasonable amount of official time to prepare his or her response, not to exceed ten (10) hours of administrative leave. Such preparation will not take place at the employee's duty station or any non-public area of a government office, unless authorized by the agency head.

9) A DOC supervisor, Office Chief/ Administrator, Deputy Director or Director may make appropriate adjustments in working conditions of a Complainant (for example, shift, post or schedule changes) while an allegation of sexual harassment and/or retaliation is being investigated or on a permanent basis as remedial relief where the EEO/DM determines that an allegation of sexual harassment or retaliation has been substantiated.

   a. The EEO/DM Office and Investigators will keep all sexual harassment and retaliation complaints in confidential, unless the employee making the inquiry expressly authorizes the EEO/DM to disclose all or part of the matters discussed. Informal and Formal complaints, as well as all information gathered or generated in the investigation, will be kept confidential, except that individuals with a "need to know" (such as the Complainant, Respondent, witnesses, and management officials involved in the matter) may receive access to complaints and information gathered in the investigation.

12. **OPTIONAL: FILING A COMPLAINT WITH THE U.S. Equal Employment Opportunity Commission (EEOC) OR DC OFFICE OF HUMAN RIGHTS (DC OHR)**

   a. A Complainant may forego filing an informal complaint with DOC, but may instead file a complaint directly with the D.C. OHR, EEOC, or any court of competent jurisdiction.

   b. DOC employees who are alleging retaliation for reporting sexual harassment shall meet with an EEO Counselor at the DOC or any EEO Counselor within the District government prior to filing with the D.C. OHR. A Complainant may forego filing an informal complaint of retaliation with DOC, but may instead file a retaliation complaint directly with the EEOC or court to seek relief. All retaliation reports will be taken seriously and investigated according to policy.

| DISTRICT OF COLUMBIA<br>DEPARTMENT OF CORRECTIONS | EFFECTIVE DATE: | July 21, 2017 | Page 12 of 15 |
|---|---|---|---|
| **POLICY AND PROCEDURE** | SUPERSEDES: | 3310.4I<br>July 29, 2013 | |
| | REVIEW DATE: | July 21, 2018 | |
| **SUBJECT:** | SEXUAL HARASSMENT AGAINST EMPLOYEES | | |
| **NUMBER:** | 3310.4J | | |
| **Attachments:** | Attachment  A - B | | |

## 13. RESPONSIBILITIES

a. **Managers and Supervisors.** All managers and supervisors are responsible for the following:

   1) Ensuring that the policies regarding sexual harassment and retaliation are implemented and enforced.

   2) Promoting a workplace that is free of sexual harassment and retaliation, and ensuring that complaints of such conduct are promptly forwarded to the EEO/DM Office in accordance with DOC Policy and Procedure.

   3) Monitoring his/her workplace to ensure that incidents of sexual harassment and/or retaliation are detected promptly and that each employee is aware of DOC's sexual harassment/retaliation policy and complaint procedures.

   4) Ensuring that employees who file sexual harassment complaints are protected from retaliation.

   5) Maintaining, to the greatest extent possible, the confidentiality of those employees who lodge sexual harassment/retaliation complaints, report evidence of sexual harassment or retaliation, and of those employees accused of sexual harassment while the investigation is still pending.

   6) Complying with procedures for immediately forwarding complaints from employees, volunteers or contractors to the EEO/DM Office, cooperating with investigations of allegations of sexual harassment/retaliation, and carrying out remedial and disciplinary orders of the EEO/DM and Human Resources.

b. **Employees.** Each DOC employee is responsible for the following:

   1) Not engaging in sexual harassment or retaliation for engaging in legally protected activity.

   2) Reporting sexual harassment or related retaliation when it occurs.

   3) Cooperating fully with the EEO/DM investigator, Human Resources Office and DOC Supervisors during and after any investigation.

| DISTRICT OF COLUMBIA DEPARTMENT OF CORRECTIONS | | EFFECTIVE DATE: | July 21, 2017 | Page 13 of 15 |
|---|---|---|---|---|
| **POLICY AND PROCEDURE** | | SUPERSEDES: | 3310.4I July 29, 2013 | |
| | | REVIEW DATE: | July 21, 2018 | |
| SUBJECT: | SEXUAL HARASSMENT AGAINST EMPLOYEES | | | |
| NUMBER: | 3310.4J | | | |
| Attachments: | Attachment  A - B | | | |

## 14. INVESTIGATING AUTHORITY AND PROCEDURE

a.   The Office of EEO and Diversity Management acts as the investigating body and disciplining authority in cases of sexual harassment or related retaliation at the DOC. Complaints made by former DOC employees, however, must be investigated by the DC Office of Human Rights.

b.   **Authority of Office of EEO and Diversity Management (EEO/DM).** The EEO/DM shall investigate all complaints of sexual harassment and/or retaliation related to such complaints. The EEO/DM investigator shall decide whether the complaint meets the definition of sexual harassment, investigate such cases, issue findings, and recommend appropriate and objective discipline as the proposing official, using the Table of Appropriate Penalties, when discipline is warranted. The investigative report, findings, and discipline recommended, if applicable, are then sent to the Chief of the EEO/DM or his/her designee within 5 business days of completion.

c.   The Chief of the EEO/DM will adopt or reject the investigator's findings, and recommendations for discipline, when warranted. If the Chief rejects the findings and recommendations, he or she will return the findings to the EEO investigator with an explanation regarding the basis of the remand and request further case development or review. If the Chief accepts the findings and recommendations for discipline, the Chief's review becomes final. The Chief is the deciding official and ensures that disciplinary action commensurate with the offense and in line with the Table of Appropriate Penalties is handed down to the DOC employee. For volunteers and contractors, the disciplinary deciding official is the Warden. Disciplinary decisions may be appealed through the provisions of the collective bargaining agreement or the DC Personnel Regulations Grievance Process.

d.   When a finding of unfounded, unsubstantiated, or substantiated is recommended by the investigator, and reviewed and accepted by the Chief of EEO/DM, notice of the result will be made to both the respondent and complainant within 10 business days of the Chief's final review via the Notice of Case Completion and Result (Attachment B).

e.   The findings of the EEO/DM Office are final unless appealed as described above. The relief awarded to Complainant by the DOC may include remedial personnel actions (including modifications of performance ratings) and back pay or shift re-assignment, for example, but shall not include compensatory damages, punitive damages, or attorneys' fees.

| DISTRICT OF COLUMBIA DEPARTMENT OF CORRECTIONS | EFFECTIVE DATE: | July 21, 2017 | Page 14 of 15 |
|---|---|---|---|
| **POLICY AND PROCEDURE** | SUPERSEDES: | 3310.4I July 29, 2013 | |
| | REVIEW DATE: | July 21, 2018 | |
| **SUBJECT:** | SEXUAL HARASSMENT AGAINST EMPLOYEES | | |
| **NUMBER:** | 3310.4J | | |
| **Attachments:** | Attachment A - B | | |

## 15. EMPLOYEE COUNSELING

The EEO/DM Office will coordinate with the Employee Assistance Program (EAP), as well as outside providers when the EEO/DM deems necessary, to provide counseling support and referrals to individuals alleging sexual harassment and/or retaliation who request such assistance. Confidentiality regarding services provided will be maintained.

a.  Confidentiality. Informal and Formal complaints , as well as all information gathered or generated in the investigation, will be kept confidential, except that individuals with a "need to know" (such as the Complainant, Respondent, witnesses, and management officials involved in the matter) may receive access to complaints and information gathered in the investigation.

## 16. PENALTIES

a.  The Chief of the EEO/DM Office, in coordination with the Human Resources Office, will be responsible for ensuring that disciplinary action is recommended against persons found in violation of the agency's sexual harassment policy. Disciplinary recommendations will be guided by the Table of Appropriate Penalties to ensure fair and appropriate discipline, and all persons found to have engaged in inappropriate conduct covered under this Policy shall be required to attend sexual harassment training.

## 17. DISSEMINATION

The DOC will ensure that the poster explaining employee rights and procedures for filing complaints under this Policy and Procedure is displayed permanently on employee bulletin boards and this policy will be provided at relevant employee trainings.

## 18. ANNUAL REVIEW AND CERTIFICATION

This PP will be reviewed at least annually and revised, as necessary.

| DISTRICT OF COLUMBIA<br>DEPARTMENT OF CORRECTIONS | EFFECTIVE DATE: | July 21, 2017 | Page 15 of 15 |
|---|---|---|---|
| **POLICY AND PROCEDURE** | SUPERSEDES: | 3310.4I<br>July 29, 2013 | |
| | REVIEW DATE: | July 21, 2018 | |
| SUBJECT: | SEXUAL HARASSMENT AGAINST EMPLOYEES | | |
| NUMBER: | 3310.4J | | |
| Attachments: | Attachment A - B | | |

Attachments

Attachment A – Notification Letter
Attachment B - Notice of Case Completion and Result


**DOC/PP3310.4J/7/21/17**

# E X H I B I T 3

## GOVERNMENT OF THE DISTRICT OF COLUMBIA
## DEPARTMENT OF CORRECTIONS



### MEMORANDUM

TO:         Thomas Faust
            Director

THROUGH:    Toni Perry
            Deputy Director

            William J. Smith
            Warden

            Lennard Johnson
            Deputy Warden

FROM:       Joseph N. Pettiford
            Major

DATE:       June 11, 2015

SUBJECT:    Request for Termination

REF:        Lieutenant Robert Murphy

___

This correspondence is generated to request the termination of Management supervisory
Service (MSS) Employee, Lieutenant Robert Murphy for inappropriate behavior and
conduct.

Specifically, on Thursday, June 11, 2015 at approximately 4:30 p.m., Sergeant Sherry
Savoy informed me that she had been advised of some inappropriate behavior by a
member of my Supervisory staff. According to Sergeant Savoy, Probationary Officer,
Angela Walker told her that Lieutenant Robert Murphy said some things to her that she
felt were inappropriate. Sergeant Savoy went on say that Lieutenant Murphy made
inquiries to Officer Walker about her sexual preference. I instructed Sergeant Savoy to
have Officer Walker report to the office. Officer Walker had departed for the day.

CONFIDENTIAL D.C. 18-cv-1478 - 000212

However, I was able to contact her at home and have return to duty so that I could get an accurate of the alleged incident(s).

Upon Officer Walker's return, she began to explain how she called for her Zone Supervisor, Lieutenant Murphy, to lodge a complaint against her unit Sergeant, Bernard Bryan. Sergeant Bryan had given Officer Walker instructions to follow that were clearly against policy. While giving the instructions, Sergeant Bryan became loud and boisterous. In an effort to quell the situation, Officer Walker followed the Sergeant's instructions and logged in the unit logbook.

Upon Lieutenant Murphy's arrival, Officer Walker thought that she would receive the calming reassurance of someone in authority that this type of behavior was unacceptable and would be addressed immediately. Instead Lieutenant Murphy began to tell Officer Walker that the Sergeant's tone was acceptable and the violation of policy is "how we do business around her." Lieutenant Murphy instructed Officer Walker to conform to the way that they do business and "fuck" what the Deputy Warden says. Later into the conversation, Lieutenant Murphy asked Officer Walker if she was a "fem" or a "dom." Officer Walker took offense and terminated the conversation to the extent that she didn't say anything else.

Lieutenant Murphy's actions are unacceptable and counterproductive to the agency's Culture-Change Initiative. By instructing subordinate staff to conform to the way he and his cronies do business and disregard what the management staff has to say, Lieutenant Murphy has demonstrated that he will not serve as a "change agent." Moreover, in keeping with the agency's "zero tolerance policy" towards sexual harassment, Lieutenant Murphy's comment about Officer Walker's sexual preference cannot go devoid of action.

It should be noted that Lieutenant Murphy received a Letter of Counseling on May 12, 2015 about Professionalism. That particular instance was directed toward the inmate population. However, it illustrates Lieutenant Murphy's unwillingness change this behavior and support the team's efforts in becoming a benchmark corrections agency. Therefore, I respectfully request that Lieutenant Murphy be terminated from his position as Supervisory Correctional Officer with the D.C. Department of Corrections.

CONFIDENTIAL

# EXHIBIT 4

# GOVERNMENT OF THE DISTRICT OF COLUMBIA
## DEPARTMENT OF CORRECTIONS



★ ★ ★

**D O C**

THE DEPARTMENT
OF CORRECTIONS

**Office of the Director**

June 19, 2015

Robert Murphy
4988 Keppler Rd.
Temple Hills, Maryland 20748

Dear Mr. Murphy:

In accordance with section 3813 of Chapter 38 of the D.C. personnel regulations, Management Supervisory Service, this constitutes a notice of at least 15 days of the termination of your Management Supervisory Service appointment as Supervisory Correctional Officer, MS-0007-11, with the D.C. Department of Corrections for non-disciplinary reasons. Your termination from District government service will be effective close of business on Friday, July 10, 2015. As you know, appointments to the Management Supervisory Service are at-will; therefore this termination action is neither grievable nor appealable.

Effective today, you will be placed on administrative leave during this notice period. While on administrative leave you will continue to be paid at your current rate of pay and will accrue both annual and sick leave. During this period of Administrative Leave, you are prohibited from entering any Department of Corrections facility without prior approval from a Department of Corrections Official.

You are eligible to receive payment for any unused annual leave. Terminal annual leave is disbursed as a separate lump sum payment with the standard deductions for applicable taxes and withholdings. You may be eligible to receive severance pay in accordance with D.C. Official Code § 1-609.54(b) and Chapter 11 of the regulations, Compensation. Severance pay is payable at the same pay period intervals as if you were still employed; and the payments are subject to deduction only of federal and District of Columbia or state income taxes and, if applicable, FICA tax (social security).

You are to immediately return all building keys, office keys, security badge(s), pass cards(s), cell phone(s), laptop computer(s) and any government property issued to you as a District government employee. This includes all District government paper-based or computer-

---

2000 14th St., NW – 7th Floor | Washington, DC 20009| Telephone: 202-673-7316| Fax: 202-332-1470

D.C. - 18-cv-1478 000137 CONFIDENTIAL

Letter to Robert Murphy
Notice of Termination – MSS
Page 2

based documents contained on computer disks, hard drives, storage drives, and on any other type
of electronic media containing such documents in your possession.

Please contact the DC Office of Human Resources on (202) 442-9700 to schedule an exit
interview appointment to obtain information regarding severance pay and other benefits, etc. For
your reference and appropriate action, enclosed is a *Notification* with general information on
Temporary Continuation of Coverage ("TCC") (health benefits).

I would like to take this opportunity to thank you for your service to the residents of the
District of Columbia and the Department of Corrections.

Sincerely,

Thomas Faust
Director

Enclosure

D.C. - 18-cv-1478 000188   CONFIDENTIAL

## ACKNOWLEDGEMENT OF RECEIPT
### (MSS Termination- Robert Murphy)

_Robert Murphy_      _6/24/15_
Employee's Name   (Print)      Date

_Robert W. Murphy_      _6/24/15_
Employee's Signature      Date

_Patti_      _6/24/15_
Issued By:      Date

_Darrell Dugar_      _6/24/15_
Witnessed By:      Date

D.C. - 18-cv-1478 000455   CONFIDENTIAL