UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ROBERT MURPHY,**<br><br>　　　　**Plaintiff,**<br><br>　　v.<br><br>**THE DISTRICT OF COLUMBIA,**<br><br>　　　　**Defendant.** | 1:18-cv-1478 (JDB) |

**REPLY IN SUPPORT OF THE DISTRICT OF COLUMBIA'S
MOTION FOR SUMMARY JUDGMENT**

**INTRODUCTION**

The District of Columbia (the District) moved for summary judgment on Plaintiff's remaining claims under the ADA, FMLA, DCFMLA, DCHRA, and Title VII. Def.'s Mot. Summ. J. [44]. Plaintiff opposes the motion on two grounds. First, Plaintiff argues that his claims relating to the District's alleged failure to accommodate him or to provide leave to him should survive summary judgment because the District took no action regarding his April 2, 2015 FMLA leave request. Pl.'s Opp'n to Def.'s Mot. Summ. J. (Pl.'s Opp'n) at 4-7 [45]. Plaintiff next argues that his retaliation claims regarding his termination survive because the District violated its own policies by failing to investigate Walker's complaint and because Ja'net Sheen engaged in protected activity prior to Plaintiff's termination, and that even if she did not, Plaintiff's claim survives under the "perception theory." Pl.'s Opp'n at 7-10. For the reasons explained below, Plaintiff's arguments are legally and factually infirm. The Court should therefore grant summary judgment in the District's favor.

**ARGUMENT**

I. **Plaintiff's ADA Claim for Failure to Accommodate and His Interference Claims Under the FMLA and DCFMLA Arising from His April 2, 2015 Request for Leave Fail Because He Did Not Timely Submit the Required Medical Certification.**

The record establishes that Plaintiff's physician did not submit the required medical certification to support Plaintiff's April 2, 2015 request for FMLA leave until July 1, 2015, after Plaintiff's employment had been terminated. Therefore, no reasonable jury could find that the District failed to provide Plaintiff with a reasonable accommodation or interfered with his rights under the FMLA and DCFMLA.

Plaintiff's ADA failure-to-accommodate claim and interference claims under the FMLA and the DCFMLA fail because he did not provide the required medical documentation supporting his request for leave until after he received the notice of his termination. An employer may "require an employee to submit certification to substantiate that the leave is due to the serious health condition of the employee." 29 C.F.R. § 825.100; *see also* D.C. Code § 32-504 (a) ("An employer may require that a request for . . . medical leave . . . be supported by a certification issued by the health care provider of the employee or family member."). Although Plaintiff submitted his leave request on April 2, 2015, his doctor did not submit the required medical certification supporting Plaintiff's request until July 1, 2015. Def.'s Statement of Undisputed Material Facts (Def.'s SOF) ¶¶ 3-4; *see* 29 C.F.R. § 825.100; D.C. Code § 32-504 (a). Plaintiff points to nothing in the record to show that he submitted the required medical certification at any time before July 1, 2015, nor does he point to any evidence that he was denied leave in the meantime; instead, he constructs a false dichotomy between the April 2, 2015 request and the paperwork provided by his doctor on July 1, 2015, claiming that the medical certification eventually supplied on July 1, 2015, was for his June 22, 2015 FMLA request, which is no longer a live claim in this case. Pl.'s Opp'n at 5. And while Plaintiff claims it is

disputed whether Ja'net Sheen submitted a medical certification accompanying the April 2, 2015 request, Plaintiff points to no evidence in the record supporting that a medical certification was provided to the District prior to July 1, 2015. And Plaintiff offers no evidence that, where he concedes that he did not submit the required medical certification until July 1, 2015, that there was any "unreasonable delay" in acting on his FMLA request. Pl.'s Opp'n at 5; *see Marks v. Washington Wholesale Liquor Co. LLC*, 253 F. Supp. 3d 312, 324 (D.D.C. 2017) ("A relatively short delay of a few weeks (or even a few months) in approving a request typically does not support [a failure-to-accommodate] claim."). Thus, Plaintiff fails to establish a genuinely disputed fact regarding the April 2, 2015 request for an accommodation. *See* Fed. R. Civ. P. 56(c)(1) (requiring that parties support statements of fact or disputed facts with evidence).

The only evidence in the record is that Plaintiff submitted his portion of the FMLA leave request on April 2, 2015, Def.'s Mot. Summ. J. Ex. 2 [44-3], and submitted his doctor's portion three months later on July 1, 2015, Def.'s Mot. Summ. J. Ex. 3 [44-4]. Consequently, the Court should grant summary judgment to the District on Plaintiff's failure to accommodate and interference claims. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (holding that if a party, who bears the burden of proof, fails to bring forward evidence in support of their claim, then summary judgment against that party is appropriate).

II.     **Plaintiff's Retaliation Claims Under Title VII, the DCHRA, and the FMLA Fail.**

The District terminated Plaintiff for a legitimate, nondiscriminatory reason—he made inappropriate comments to Angela Walker and had previously been disciplined for using inappropriate language around inmates. In his opposition, Plaintiff argues that the District conducted no investigation into Walker's claims and that Plaintiff was instead terminated because Sheen complained about Pettiford, Plaintiff's supervisor. Pl.'s Opp'n at 7-10 (citing Pl.'s Ex. 2). The policy that Plaintiff cites, however, does not limit the District from taking

prompt action to discipline a manager. Thus, there was no irregularity in Plaintiff's termination and Sheen's conduct was not temporally proximate to Plaintiff's termination and cannot, therefore, support an inference of retaliation, nor does the "perception theory" save Plaintiff's Title VII retaliation claim.

As an initial matter, the District notes that Plaintiff has dropped from his case any assertion that he was terminated for his April 2, 2015 leave request in violation of the FMLA and instead argues only that his termination was in retaliation for Sheen's protected activity. *See* Pl.'s Opp'n at 7-10 (addressing only Plaintiff's "retaliation claims under Title VII and DCHRA). Accordingly, the Court should treat the District's arguments on the FMLA retaliation claim as conceded. *See Evans v. Holder*, 618 F. Supp. 2d 1, 13 (D.D.C. 2009) ("It is well-settled that where a non-moving party fails to oppose arguments set forth in a motion for summary judgment, courts may treat such arguments as conceded.").[1]

Plaintiff criticizes Pettiford's investigation of Walker's allegations in an attempt to show pretext, but the undisputed facts defeat his insinuations. Pettiford's June 11, 2015 Request for Termination, attached as Defendant's Exhibit 1, describes the investigation that Pettiford and then-Deputy Warden Lennard Johnson conducted on June 11, 2015. Def.' Ex. 1; Def.'s Ex. 9 at 5 [44-10] (noting that Walker spoke with Major Pettiford and Deputy Warden Johnson). Major Pettiford received a report from Sergeant Sherry Savoy that Walker, who had left for the day, complained of inappropriate conduct by Plaintiff. Def.'s Ex. 1 at 1 [44-2]. Major Pettiford immediately began his investigation by recalling Walker to the D.C. Jail for an interview. *Id.* at 2. Pettiford interviewed Walker and had her complete a written statement. Ex. 9 at 5. He also

---

[1] For the same reason, the Court should also treat as conceded the District's argument that Plaintiff's DCHRA retaliation claim is barred by his election of remedies, which Plaintiff also fails to address in his opposition. *See* Pl.'s Opp'n; Def.'s Mot. Summ. J. at 10-11.

4

had Sergeant Savoy, to whom Walker initially complained, complete a written statement.  Ex. 11 at 11-13.  Pettiford collected and reviewed the logbook pages, which supported Walker's statement.  Def.'s Ex. 4 at 1-2; Ex. 1 at 2 (noting Walker logged the event that precipitated her conversation with Plaintiff in the logbook).  Further, Pettiford reviewed and considered Plaintiff's May 12, 2015 discipline.  Ex. 1 at 2.  Pettiford compiled all of these materials in Plaintiff's file.  Ex. 11 (excerpt from Plaintiff's Major's Office File).

Plaintiff takes the position that Pettiford's investigation was insufficient because the District's anti-discrimination policies require the Department of Corrections' EEO officer to investigate.  Pl.'s Opp'n at 7 (citing Pl.'s Ex. 2 at 9-10 [45-1]).  But nothing in the policy prohibits the District from acting to immediately end a hostile work environment.  *See* Pl.'s Ex. 2 at 9-10.  The policy, instead, provides procedures to apprise employees of the importance of reporting conduct and to whom to report inappropriate or harassing conduct.  *Id.*  And the policy is intended to apply where the employees contest whether harassment has occurred.  *Id.*  Here, Plaintiff admits to engaging in the harassing conduct.  Pl.'s Resp. to Def.'s SOF ¶¶ 16-17 [45] (admitting that Plaintiff asked Walker whether she was "a dom or a femme").  What is more, the request for termination was based not only on Plaintiff's inappropriate sexual comments but also on Plaintiff's comments regarding the deputy warden and Plaintiff's past discipline.  Ex. 1.

Next, Sheen's alleged protected activity is too remote in time to support an inference of retaliatory intent.  To support an inference of retaliation, the temporal proximity between the protected activity and the adverse action must be "very close."  *Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273 (2001).  Plaintiff notes that the lawsuit against Pettiford was filed in November 2013, 19 months before Pettiford recommended Plaintiff's termination.  *See* Pl.'s Opp'n at 7.  Moreover, Sheen was not a party to that lawsuit.  Pl.'s Ex. 1 at 1.  In fact, the alleged

protected activity that Sheen engaged in occurred in 2008—seven years before Plaintiff's termination. Pl.'s Ex. 1 at ¶ 140; Pl.'s Opp'n at 10. And seven years of delay between Sheen's protected activity and Plaintiff's termination is far too large a gap to support any inference of causality. *See Pueschel v. Chao*, 955 F.3d 163, 167 (D.C. Cir. 2020) ("This court, too, has often analyzed temporal proximity in terms of months—not years."), *cert. denied*, 141 S. Ct. 560 (2020).

And even under the "perception theory" that Plaintiff presses, he provides no evidence of Pettiford's "subjective reasons for terminating Plaintiff." Pl.'s Opp'n at 10. Thus, under Plaintiff's own articulated standard, his claim cannot stand. Instead, the facts in the record demonstrate that Pettiford had a legitimate, non-retaliatory reason for recommending Plaintiff's termination—his harassment of Walker and of inmates. Nor does Plaintiff point to any similarly situated employees who were treated differently. The Court should, therefore, grant summary judgment in the District's favor. *See Scott v. Harris*, 550 U.S. 372, 380 (2007) ("As we have emphasized, 'when the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts . . . .'") (quoting *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–587 (1986)).

## CONCLUSION

For these reasons and for the reasons set forth in the District's moving memorandum of points and authorities, the Court should grant summary judgment in the District's favor.

Date:   November 23, 2021                Respectfully submitted,

                                                               KARL A. RACINE
                                                               Attorney General for the District of Columbia

                                                               CHAD COPELAND
                                                               Deputy Attorney General
                                                               Civil Litigation Division

*/s/ Christina Okereke*
CHRISTINA OKEREKE [219272]
Chief, Civil Litigation Division Section II

*/s/ Aaron J. Finkhousen*
AARON J. FINKHOUSEN [1010044]
Assistant Attorney General
400 6th Street, NW
Washington, D.C.  20001
(202) 724-7334
(202) 730-0493 (fax)
aaron.finkhousen@dc.gov

*Counsel for Defendant District of Columbia*