# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ROBERT MURPHY,**<br><br>      **Plaintiff,**<br><br>    **v.**<br><br>**THE DISTRICT OF COLUMBIA,**<br><br>      **Defendant.** | **1:18-cv-1478 (JDB)** |

## SUPPLEMENTAL BRIEF IN SUPPORT OF THE DISTRICT OF COLUMBIA'S MOTION FOR SUMMARY JUDGMENT

### INTRODUCTION

On March 2, 2022, the Court set a briefing schedule for the parties to address "whether Murphy's ADA claim should be dismissed for failure to request a reasonable accommodation." Mem. Op. at 30 [48]. Plaintiff filed a supplemental brief arguing that he not only made a request for an accommodation but that the accommodation was granted, at least on a temporary basis, when his duty assignment was changed to the transportation unit under Department of Corrections (DOC) Captain Orlando Harper. Pl.'s Supp. Summ. J. Br. [49]. But Plaintiff's request for 640 hours of leave does not qualify as a request for an accommodation under the ADA, and, based on the undisputed record evidence, no reasonable juror could believe Plaintiff's self-serving statement that he worked with Captain Harper in the transportation unit in 2015. Consequently, the Court should grant summary judgment to the District on Plaintiff's ADA claims.

## ARGUMENT

### Plaintiff's Request for FMLA Leave Does Not Qualify as a Request for an Accommodation Under the ADA.

Plaintiff's request for 640 hours of leave does not implicate the ADA. As the Court noted, a request for medical leave does not automatically constitute a request for a reasonable accommodation under the ADA. Mar. 2, 2022 Mem. Op. at 9-10 (citing *Waggel v. George Washington University*, 957 F.3d 1364, 1373 (D.C. Cir. 2020)). Indeed, a request for "medical leave is by nature arguing that he cannot perform the functions of the job" while a request for an accommodation under the ADA requires proof that the employee can perform the essential functions of the job. *Acker v Gen. Motors, L.L.C.*, 853 F.3d 784, 791-92 (5th Cir. 2017); *accord Scarborough v. Natsios*, 190 F. Supp. 2d 5, 25-26 (D.D.C. 2002) ("[R]equests for indefinite medical leave are also unreasonable as a matter of law,") (collecting cases). And "an underlying assumption of any reasonable accommodation claim is that the plaintiff-employee has requested an accommodation which the defendant-employer has denied." *Flemmings v. Howard Univ.*, 198 F.3d 857, 861 (D.C. Cir. 1999); *accord Lee v. District of Columbia*, 920 F. Supp. 2d 127, 136 (D.D.C. 2013) (citing *Woodruff v. LaHood*, 777 F.Supp.2d 33, 40 (D.D.C. 2011), for the proposition that the burden lies with the employee to request any needed accommodation).

Here, Plaintiff explained during his deposition that he was not qualified to perform the essential functions of his position; indeed, the reason he sought medical leave was to collect a paycheck until he could qualify for disability benefits. Ex. 2, Murphy Dep. 20:17-22 ("I couldn't do the job anymore.").[1] Rather than seeking an accommodation to enable him to perform the

---

[1] This statement alone precludes a finding that Plaintiff was a qualified person with a disability within the meaning of the ADA, one of the essential elements of his claim. *See McAllister v. Innovation Ventures, LLC.*, 983 F.3d 963, 968 (7th Cir. 2020) (holding that the termination of an employee who could not perform the essential functions of the position did not violate the ADA).

2

essential functions of his position, Plaintiff was seeking a leave benefit that would have precluded him from working. Consequently, Plaintiff's request for 640 hours of leave did not implicate the ADA.

In support of his supplemental brief, Plaintiff provides a declaration asserting that he actually requested an accommodation in 2015 and that the accommodation was granted. Pl.'s Mar. 22, 2022 Decl. ¶ 5 [49-1]. But based on the record evidence, this statement cannot be true. Specifically, Plaintiff posits that he worked under Captain Orlando Harper in "Transport" in "[l]ate April or May 2015." Pl.'s Mar. 22, 2022 Decl ¶ 5. Plaintiff further alleges that while working with Captain Harper, he suffered a stroke, and Captain Harper "called an ambulance." *Id.* But Captain Harper stopped working for DOC on August 17, 2012. Ex. 1, Notification of Personnel Action for Orlando Harper; *see also Allegheny County Warden's Biography*, https://www.alleghenycounty.us/jail/staff/warden.aspx (last visited Mar. 31, 2022) (indicating that Harper has been the Warden of the Allegheny County Jail since October 15, 2012). On this record, no reasonable juror could conclude that Plaintiff worked with Captain Harper in the transportation unit in 2015, *three years after* Harper left his employment with DOC. Accordingly, "the well-accepted rule that courts may 'lawfully put aside testimony that is so undermined as to be incredible'" applies here. *Chenari v. George Washington Univ.*, 847 F.3d 740, 747 (D.C. Cir. 2017) (quoting *Robinson v. Pezzat*, 818 F.3d 1, 10 (D.C. Cir. 2016)). And Plaintiff points to no other admissible evidence that he requested an accommodation besides his last-minute, self-serving declaration. The remainder of Plaintiff's statements in his March 22, 2022 declaration merely posit that he sought FMLA leave, which as explained above, does not implicate the ADA. "[T]here must be evidence on which the jury could reasonably find for the

plaintiff" for him to survive summary judgment, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986), and none exists here.

Consequently, the Court should find that Plaintiff has not established a genuine disputed fact regarding his ADA claim and grant the District summary judgment on that claim.

## CONCLUSION

For these reasons, the Court should grant summary judgment in the District's favor on Plaintiff's ADA claims.

Date:   April 5, 2022                     Respectfully submitted,

                                                        KARL A. RACINE
                                                        Attorney General for the District of Columbia

                                                        CHAD COPELAND
                                                        Deputy Attorney General
                                                        Civil Litigation Division

                                                        */s/ Christina Okereke*
                                                       CHRISTINA OKEREKE [219272]
                                                       Chief, Civil Litigation Division Section II

                                                       */s/ Aaron J. Finkhousen*
                                                       AARON J. FINKHOUSEN [1010044]
                                                       Assistant Attorney General
                                                       400 6th Street, NW
                                                       Washington, D.C.  20001
                                                       (202) 724-7334
                                                       (202) 730-0493 (fax)
                                                       aaron.finkhousen@dc.gov

                                                        *Counsel for Defendant District of Columbia*